# Stewart *versus* Maple.

1. The assessors returned a valuation of property of defendant, who was notified of the day of appeal.   He did not attend nor appeal; the county commissioners, under sect. 9 of Act May 15th 1841, raised the valuation.   The supervisor of his township rated him on the basis of the county valuation. *Held,* in a suit for road tax he could not defend on the ground that the valuation had been improperly raised; his remedy was by appeal.

2. Until altered by the commissioners, the increased rate was the proper basis for township rates.

3. If aggrieved by the township rating, his remedy was by appeal to the Quarter Sessions, under the 30th section of Act of April 15th 1834.

4. The remedy for illegal taxation under a general power to tax, is by appeal to the proper appellate tribunal; when no appeal is given, the courts cannot reverse the judgment of the tax officers.

5. Clinton District's Appeal, 6 P. F. Smith 315, recognised.

November — 1871.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Greene county :* No. 159, to October and November Term 1871.

This case was commenced before a justice of the peace on the 20th of February 1869, by Charles Stewart against Robert Maple to recover the amount which the plaintiff, who was supervisor of Dunkard township, claimed to be due by the defendant for road taxes.   The justice rendered judgment against the defendant for $66.75 : he appealed to the Court of Common Pleas, where the case was tried May 16th 1871, before Gilmore, P. J.

The circumstances as they appeared at the trial were these :—

At the triennial assessment in 1865, the defendant's property was adjusted at $2510. of which defendant had notice; he had

[Stewart *v.* Maple.]

notice of the day and place of appeal for Dunkard township; he did not attend nor did he appeal; at their meeting to hear appeals, the commissioners raised the valuation to $8875. The plaintiff as supervisor made out the duplicate for road tax, adopting $8875 as the correct assessment of the defendant's property, and the rate was fixed at one per cent., making the amount of defendant's road tax $88.75. He was notified to work out his tax on the roads he; did so work to the amount of $22, and declined to work any more. On the 13th of July 1866, a warrant was put into the plaintiff's hands for the collection of road tax, including the balance assessed on the defendant. The collector suffered the warrant to expire in his hands, and the township auditors charged him with the unpaid tax of defendant. The defendant refused to pay, principally on the ground that the raising of the valuation of his property from $2510 to $8875, was unauthorized by law.

The Act of May 15th 1841, section 4, Pamph. L. 394, 2 Br. Purd. 1359, pl. 9, provides that it shall be the duty of the assessors "to assess, rate and value all objects of taxation" for county, township, &c., purposes according to the "*actual value,*" and upon return to the commissioners they may, if they believe the assessment of any property "below its actual value, raise the same to its actual value."

The Act of April 15th 1834, sect. 27, provides that the township rates shall be laid " upon the basis of the last adjusted valuation regulating county rates and levies." The same act, sects. 36 and 37, provides that any person aggrieved by such rate, may apply to the Court of Quarter Sessions, who shall take such action as they may deem expedient, which shall be conclusive on all parties; and the court or a judge thereof, upon the party giving bond with surety, &c., shall stay proceedings for collecting the tax till the appeal be determined: Pamph. L. 515; 2 Br. Purd. 555, pp. 1366, 1367, pl. 59, 68, 69.

The plaintiff's 3d and 4th points, which were refused, were:

3. If Maple had not a hearing before the commissioners on or before the regular day appointed for holding the appeals, he might afterwards appeal to them in session at any time before his taxes were paid. If he did so appeal and was unsuccessful he is concluded; and if he was informed of the raising of his valuation and did not appeal, he is equally concluded.

4. After the assessment of the tax in question against Maple, he had the right to apply by petition to the next Court of Quarter Sessions of the county, or to a judge in vacation, for relief, and having failed to do so, he is concluded.

The court further charged :—

"The assessment or increased valuation made on the day of appeal and after the valuation had already been adjusted, was illegal and irregular but not void, and the supervisors had the

[Stewart *v.* Maple.]

right to demand and receive from the defendant one per cent. on $2510 and no more. * * * We say further that it is competent for defendant to make this defence here. Whatever is found in any of the points contrary to this may be considered refused."

The verdict was for the plaintiff for $4.18. He took a writ of error, and assigned for error the refusal of his points, and the portion of the charge given above.

*Black* and *Phelan,* for plaintiff in error, referred to Acts of 1834 and 1841, *supra.* The Act of 1841 being merely directory, time is not material: Gearhart *v.* Dixon, 1 Barr 224; Ins. Co. *v.* Yard, 5 Harris 331; Hughes *v.* Kline, 6 Casey 227. Having neglected to appeal to the Quarter Sessions, the defendant was concluded by the action of the commissioners: Wharton *v.* Birmingham, 1 Wright 371; Hughes *v.* Kline, 6 Casey 227; Clinton School District's Appeal, 6 P. F. Smith 315; Forward Sch. Dist. Appeal, Id. 318.

*Sayers & Downey,* for defendant in error.

The opinion of the court was delivered, January 9th 1872, by

WILLIAMS, J.—If the commissioners improperly raised the valuation of the defendant's property above the amount at which it had been adjusted at the triennial assessment, his remedy was by an appeal to the commissioners under the provisions of the act authorizing the assessment. Until altered, or changed by the commissioners, the increased valuation was properly taken as the basis for the assessment of township-rates and levies for road and other purposes. If the defendant was aggrieved by the assessment, his remedy was by petition to the next Court of Quarter Sessions, as provided by the act. Having neglected to avail himself of the remedy furnished by the law for his redress, he cannot set up the illegality of the tax as a defence to this action. The objection comes too late. As was said in Clinton School District's Appeal, 6 P. F. Smith 315, the remedy for illegal taxation, when the general power to assess exists, is by appeal to those to whom the appeal is required to be taken; and if none be given, neither the Common Pleas nor this court can revise the judgment of the tax-officers. The court below should, therefore, have affirmed the plaintiff's third and fourth points, and for the refusal to instruct the jury as therein requested the judgment must be reversed.

Judgment reversed, and *venire facias de novo* awarded.