## W. H. KEMBLE ET AL. v. TITUSVILLE CITY.

### APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS OF CRAWFORD COUNTY.

Argued April 30, 1890—Decided May 19, 1890.

Where an assessment is made for city purposes, in a city of the third class under the provisions of the act of May 23, 1874, P. L. 230, at a valuation in excess of that made by the last preceding triennial assessment for state and county purposes, the collection of a tax levy made upon such excess will be restrained by injunction.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 8 July Term 1890, Sup. Ct.; court below, No. 6 February Term 1890, C. P. in Equity.

On February 8, 1890, W. H. Kemble and others filed a bill in equity against the city of Titusville and William H. McDonald, collector of delinquent taxes. The bill averred, in substance, that the plaintiffs were owners of real estate and were tax-payers in the city of Titusville, a municipal corporation under the provisions of the act of May 23, 1874, P. L. 230; that in April and May, 1889, the said city illegally caused to be made for city purposes an assessed valuation of taxable pro-

Opinion of Court below.

perty therein, including the properties of the plaintiffs, which was greatly in excess of the last preceding triennial assessed valuation, made in 1888, for state and county purposes, and that the tax levy made for city purposes for the year 1889, was 18 mills on the dollar; that on August 30, 1889, the plaintiffs had offered to pay into the city treasury 18 mills upon the valuations of their properties as made by the said triennial assessment, which offer was refused, the city illegally demanding 18 mills upon the said assessment of 1889; that on or about January 29, 1890, the city officials had placed in the hands of W. H. McDonald duplicates of said assessment and levy of 1889, directing and requiring him to enforce the collection of said taxes, with the penalty, which the said collector was about to proceed to do; praying for an injunction. Upon the filing of the bill and affidavits, a preliminary injunction was awarded, and a day fixed for the argument of a motion to continue, etc.

On April 7, 1890, a hearing of the motion to continue having been had, upon the affidavits submitted by both parties, the court filed the following opinion:

The complainants are tax-payers in the city of Titusville, which is a city of the third class. They complain that several pieces of real estate, owned by them respectively in the city of Titusville, were assessed at a greater valuation for city purposes by the city assessors in 1889, than that fixed by the triennial assessment for state and county purposes in 1888, and allege that such assessment was unlawful, and ask to have the city of Titusville and William H. McDonald, collector of taxes, restrained from the collection of the taxes levied upon that assessment, or so much thereof, at least, as in excess of the amount due upon the valuation fixed by the triennial assessment.

That a court of equity has jurisdiction to restrain the collection of taxes in certain cases cannot be doubted. Where there is want of power to tax, or an assessment beyond the requirements of the object of the taxes, or improper subjects of taxation are introduced, or taxes are imposed in a manner prohibited by the constitution, the power of a court of equity to interfere is manifest. Where, however, the assessment is made by the proper officers, upon proper subjects of taxation, for a

lawful tax not in excess of the requirements of the municipality, and the objection to the taxation is that of irregularity in the valuation or assessment, the courts will not interfere: St. Clair Sch. Board's App., 74 Pa. 256; Banger's App., 109 Pa. 79.

The evidence submitted shows that the assessments complained of, were made by the regular assessors of the several wards, at a time authorized by law; that they were returned under oath to the city councils; that a committee of the city councils, acting under the provisions of city ordinance No. 3, approved May 10, 1878, sat as a board of revision and appeal, from the 20th to the 25th day of May, 1889, pursuant to notice to the tax-payers of the several wards, and that afterwards the assessment was adopted by the city councils. It is not alleged in the bill that the real estate of the complainants is assessed beyond its value, or out of proportion to other real estate assessed for city purposes in that city.

It is not clear that under the provisions of the act of May 23, 1874, P. L. 230, the assessments shall be the same for city as for state and county purposes. While it may seem illogical to place a different valuation upon real estate for the one purpose than the other, the system of municipal taxation may permit it to be done. The collection of taxes ought only to be enjoined when the complainant's right is clear. In the present case, the complaint is, in effect, against an overvaluation, and for this, I think, a court of equity ought not to grant relief. The complainants should be left to their remedy at law, for any injury which they may sustain.

—A decree having been entered dissolving the preliminary injunction, the plaintiffs took this appeal, assigning the decree as error.

*Mr. Roger Sherman* (with him *Mr. Samuel Grumbine*), for the appellants.

Counsel cited: Act of April 15, 1834, P. L. 511, and its supplements; clause 33, § 20, act of May 23, 1874, P. L. 230; Shaaber v. Reading City, 133 Pa. 643; Dillon on Mun. Corp., 3d ed., § 89; Dunne v. Deegan, 43 Pa. 334; Miller v. Gorman, 38 Pa. 309; St. Clair Sch. Board's App., 74 Pa. 252; Conners' App., 103 Pa. 356; Harper's App., 109 Pa. 9.

Syllabus.

*Mr. George A. Chase,* for the appellees.

Counsel cited: Act of April 15, 1834, P. L. 511, and its supplements; Clauses 1, 33, § 20, and §§ 36, 45, 57, act of May 23, 1874, P. L. 230; Howard Ass'n's App., 70 Pa. 344; Clinton Sch. D.'s App., 56 Pa. 315; Stewart v. Maple, 70 Pa. 221; Brown's App., 62 Pa. 17; Harkinson's App., 78 Pa. 196.

PER CURIAM:

We are all of opinion that this decree must be reversed, and the injunction reinstated. The injunction should be so modified, however, if necessary, as to allow the collection of the taxes which the complainants by their bill admit to be due.

The decree is reversed at the costs of the appellees, and the injunction is reinstated.

