be so treated. It brings up for review nothing but the record proper, which does not include the evidence on which the court acted in dissolving the attachment. Under the act of 1869, that action of the court below was a matter within its discretion, and we have nothing before us to show that the discretion was abused: Wetherald v. Shupe, 109 Pa. 389; Black v. Oblander, 15 Atl. Rep. 708; Hoppes v. Houtz, 133 Pa. 34.

Decree affirmed and appeal dismissed with costs to be paid by appellants.

---

## St. Mary's Gas Company *v.* Elk County et al., Appellants.

168    401
22 SC ²381
168    401
34 SC ²239

*Taxation—Public corporations—Natural gas companies—Real estate—Public use—Equity—Injunction.*

Equity has power to restrain the collection of a tax where there is a want of power to tax, or a disregard of the constitution in the mode of assessment.

A court of equity will restrain by injunction the collection of a tax assessed upon the real estate of a natural gas company organized under the act of May 29, 1885, P. L. 29, where the evidence shows that the land is part of its capital stock upon which it pays a tax to the state and is necessary and indispensable to the company in carrying out the public purpose for which the company was incorporated.

Argued May 8, 1895. Appeal, No. 85, Jan. T., 1895, by defendants, from decree of C. P. Elk Co., Sept. T., 1894, No. 5, on bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Affirmed.

Bill in equity to restrain the collection of a tax.

The facts appear by the opinion of MAYER, P. J., which was as follows:

"The plaintiff, the St. Mary's Gas Company, has filed its bill against the county of Elk and the treasurer of said county, avering that it is 'a corporation duly organized and chartered under the act of assembly of May 29, 1885, for the purpose of producing, dealing in, transporting, storing and supplying natural gas for public consumption, and as such is taxed upon its capital stock under the provisions of the 21st section of the act of assembly of June 21, 1889, and supplements thereto.

"'That the St. Mary's Gas Company is the owner of the natural gas in 684 acres of land situate in Ridgway township, Elk county, which is held and used only by the said St. Mary's Gas Company for its corporate purposes, and is wholly included in its capital stock.

"'That the said St. Mary's Gas Company is a public corporation having the right of eminent domain, and that the natural gas in the above lands is necessary and indispensable to the exercise of its corporate rights as a public corporation for the purpose of producing, dealing in, transporting, storing and supplying natural gas for public consumption.

"'That the county of Elk has assessed taxes for local purposes upon the said lands for the years 1890, 1891, 1892, 1893, aggregating the sum of one thousand and twenty-four dollars and fifty cents, which the said St. Mary's Gas Company has refused to pay.

"'That the said T. J. Shaffer, treasurer of Elk county, has advertised, under the provisions of the act of assembly approved March 13, 1815, the sale of said property, at the court house in Ridgway, on the eleventh day of June, A. D. 1894, for nonpayment of taxes above stated.

"'That it is advised and believes and therefore avers that their said property is not liable to taxation by the said county of Elk for local purposes as aforesaid, and that said assessment of taxes is illegal and void.'

"And praying:

"'That the aforesaid assessment of taxes by the county of Elk be decreed to be void and of no effect.

"'That an injunction may issue, temporary until hearing, and perpetual thereafter, restraining the said county of Elk from the assessment and collection of taxes upon the said property, and further, restraining the said T. J. Shaffer, treasurer of said county, from selling the said property for nonpayment of taxes as aforesaid.'

"The defendant has made answer to said bill, which on this hearing is to be regarded as an affidavit, admitting the incorporation of said plaintiff, under the act of May 29, 1885, but denying that it is a public corporation, and averring that the oil and gas in the six hundred and ninety-four acres owned by the said corporation are liable to taxation.

" The St. Mary's Gas Company is a corporation duly char-
tered and organized under ' An act to provide for the incorpora-
tion and regulation of natural gas companies' approved May 29,
1885, and is invested with all the rights, powers and privileges
specified in the act.   It is authorized by the first section ' to
produce, mine, own, deal in, transport, store, and supply natural
gas for either light, heat, or both or other purposes, and have
all the rights and privileges necessary or convenient therefor.'
The tenth section of the act provides that ' The transportation
and supply of natural gas for public consumption is hereby de-
clared to be a public use, and it shall be the duty of corporations,
organized or provided for under this act, to furnish to consum-
ers along their lines and within their respective districts natural
gas for heat or light or other purposes as the corporation may
determine.'   And provides further, ' Any and all corporations
that is or are now or shall hereafter be engaged in such business,
shall have the right of eminent domain for the laying of pipe
lines for the transportation and distribution of natural gas, the
right, however, shall not be exercised as to any burying ground
or dwelling, passenger railroad station-house, or any shop or
manufactory in which steam or fire is necessarily used for man-
ufacturing or repairing purposes, but shall include the right
to appropriate land upon or under which to lay said lines and
locate pipes upon and over, under and across, any lands, rivers,
streams, bridges, roads, streets, lanes, alleys or other public
highways, or other pipe lines, or to cross railroads or canals :
Provided, In case the pipe lines cross any railroad operated by
steam or canal, and in such manner as the railroad or canal
company may reasonably direct: And provided further, That
any company laying a pipe line under the provisions hereof
shall be liable for all damages occasioned by reason of the neg-
ligence of such gas company,' etc.

"It is clear from a consideration of the foregoing and other
provisions of the act, that companies organized under it are
public corporations.   In addition to the legislative declaration
that the transportation and supply of natural gas for the public
consumption is 'a public use,' corporations organized or pro-
vided for under the act are required ' to furnish to consumers
along their lines and within their respective districts natural
gas for heat or light or other purposes, as the corporation may

determine.' They are also invested in the fullest manner with the right of eminent domain and all other powers and privileges necessary for the prosecution of the business for which they are incorporated.

" Where use has been declared to be public by the legislature the courts will hold it such unless the contrary clearly appears. Edgewood Co. Railroad App., 79 Pa. 257; Bankhead v. Brown, 25 Iowa, 540; Concord Railroad Co. v. Greely, 17 N. H. 47; Olmstead v. Camp, 33 Conn. 532.

" But this question has been decided by the Supreme Court in the case of Henry M. Johnston against People's Natural Gas Company, reported in 5 Cent. Rep. page 564, in which it was held: ' That the transportation and supplying of natural gas for public consumption is a public use, and the right of eminent domain granted to corporations by the tenth section of the act to provide for incorporation and regulation of natural gas companies of May 29, 1885, is within the constitutional power of the legislature to grant.'

" It may be proper to state here that no evidence has been adduced by the defendant to show that oil exists in said land or that it is oil territory. On the contrary the evidence of the plaintiff proves that it is not oil territory and that oil has not been discovered upon it, although a number of wells have been drilled. The evidence of the plaintiff shows, and there is no countervailing proof, that the gas in the six hundred and ninety-four acres is necessary and indispensable to it in carrying out the public purposes for which it was incorporated, and is part of its capital stock upon which it pays a tax to the state.

" Being of the opinion that the plaintiff is a corporation engaged in a business of a public interest, and that as the evidence shows the gas in the six hundred and ninety-four acres is essential to the exercise of its corporate franchises for public purposes the exemption from taxation claimed must be sustained.

" ' The principle which appears to be recognized in all the cases is that the public works of a corporation, used as such, with their necessary appurtenances and which are essential to the carrying out of the public purposes of such corporation, are exempt from taxation:' West Chester Gas Co. v. Chester County, 30 Pa. 232. The works of gas companies were held

not to be taxable, and the same thing was again decided in Coatesville Gas Co. v. Chester County, 97 Pa. 476. In Scranton v. The Scranton Electric Light and Power Co., it was decided that the property necessary to carry out the corporate purposes of a corporation engaged in business of public interest, is not liable to local taxation where such property is included in the capital stock which pays a state tax : 8 County Court Rep. 626. To the same effect is Lancaster v. Edison Electric Illuminating Co., 8 County Court Rep. 631. ' A public corporation is one which cannot carry out the purposes of its organization without charter rights from the commonwealth. Railroads, canals and gas companies must have the right of eminent domain in order to perform their functions. Their property, which is indispensable to their charter rights, is represented by their capital stock, and as such is taxed specially by the legislature, and the law will not subject it to duplicate taxation by mere inference : ' Schuylkill Co. v. Citizens Gas Co., 148 Pa. 162.

" But it is contended by defendant that if the assessment of taxes was illegal, a bill for injunction is not the proper remedy; that the St. Mary's Gas Company should have proceeded in the manner provided by the act of assembly and appealed from the assessment. This contention is untenable. In the case of Banger's App., 109 Pa. 91, the Supreme Court laid down the rule. In that case they said : ' It was urged that a court of equity will not interfere to restrain the collection of taxes but will leave the party aggrieved to his remedy at law. This is true where tax is lawfully assessed, or where the matters complained of are mere irregularities in the valuation or assessment, but where for want of power to tax or disregard of the constitution in the mode of assessment, we have no doubt of the power and the duty of a court of equity to interfere : ' St. Clair School Board's App., 24 P. F. S. 256; Wheeler v. City of Philadelphia, 77 Pa. 338; Kitty Roup's Case, 81* Pa. 211.

" In the case referred to by counsel in his brief, Moore v. Taylor, 147 Pa. 481, the property in that case had been exempt for a part of a year, but the exemption ceased and it was then assessed. And it was properly held in that case that, as the property was liable to taxation, the remedy of the party aggrieved was by appeal, and that a bill in equity would not lie.

" The injunction heretofore granted must, therefore, be continued until final hearing."

*Error assigned* was decree continuing injunction.

*W. S. Hamblen* and *Thomas H. Murray, N. T. Arnold,. W. W. Barbour* and *Geo. R. Dixon* with them, for appellants.— Plaintiff is not a public corporation: 1 Bouvier's Law Dict. 367 ; 1 Redf. Rail. Cas., 6th ed. p. 43 ; Dartmouth College v. Woodward, 4 Wheat. 518; 2 Kent's Com. 275; Railroad v. Berks Co., 6 Pa. 70.

The tax on real estate was properly payable to the county: Lehigh Coal Co. v. Northampton Co., 8 W. & S. 334; E. Penna. R. R. Co.'s Case, 1 Walker, 428 ; Pa. C. & R. Co. v. Vandyke, 137 Pa. 253; Erie County v. Erie Transportation Co., 87 Pa. 437; Shamokin Valley R. R. Co. v. Livermore, 47 P. 465; Erie R. R. Co. v. Commonwealth, 66 Pa. 84; The County of Erie v. Erie & Western Transportation Co., 87 Pa. 434; P. R. R. Co. v. City of Pittsburg, 104 Pa. 522; County of Erie v. Commissioners of Water Works in City of Erie, 113 Pa. 368; Allegheny Co. v. McKeesport Diamond Market, 123 Pa. 164; Roaring Creek Water Co. v. Girton, 142 Pa. 92.

Equity has no jurisdiction: Hughes v. Kline, 30 Pa. 227; Clinton School District App., 56 Pa. 315; Stewart v. Maple, 70 Pa. 222; Van Nort's App., 121 Pa. 118; Moore v. Taylor, 147 Pa. 481.

*Harry Alvan Hall,* for appellees.—Equity has jurisdiction: Andrae v. Redfield, 12 Blatchf. 408; Hoffman's App., 10 W. N. C. 401; Riegel's App., 106 Pa. 437.

The real estate is exempt from local taxation: Appeal of the City of Pittsburg, 123 Pa. 374; Scranton v. Scranton Electric Light Co., 8 Pa. C. C. 626; Ridge Turnpike Co. v. Stoever, 6 W. & S. 378; Lehigh C. & N. Co. v. Northampton Co., 8 W. & S. 334; R. R. Co. v. Berks County, 6 Pa. 70; S. N. Co. v. Berks County, 11 Pa. 202; Commissioners of Wayne County v. Canal Co., 15 Pa. 351; Haupt's App., 125 Pa. 211; R. R. Co. v. Sabin, 26 Pa. 245; Commonwealth v. Standard Oil Co., 101 Pa. 145; Fox's App., 112 Pa. 352; Northampton County v. E. P. Ry. Co., 148 Pa. 282.

PER CURIAM, May 20, 1895 :

We find nothing in this record that would justify a reversal of the decree continuing the injunction until final hearing of the cause.

Decree affirmed and appeal dismissed with costs to be paid by appellants.

---

168   407
168   413

First National Bank of Jamestown, New York, v. Anna B. Scofield and Carl W. Scofield, Defendants, Tidal Oil Co., Terre Tenant, Oscar E. Madden, Receiver of Tidal Oil Company, Terre Tenant, Appellants.

*Mortgage—Affidavit of defense.*

On a scire facias sur mortgage against a married woman, the affidavit of defense averred that the mortgage had been given by her under an agreement with plaintiff: (1) That her liability was to be only that of a guarantor of her husband upon certain notes held by the plaintiff on which her husband was an indorser; (2) that her liability upon the notes and the mortgage in question was to be a mere contingent and conditional one; (3) that certain notes, mortgages and other securities, pledged to the plaintiff bank by her, were to be first collected by it, and applied to the payment of her husband's debt to it; (4) that only in case of a deficiency after enforcing the collection of these notes and other securities was there to be a resort to the mortgage in controversy; (5) that other conditions upon which alone the plaintiff had a right to proceed upon this mortgage had not been performed by it; (6) that the contingency upon which she was to pay her husband's debt had not happened; (7) that the plaintiff had converted certain notes and securities to its own use, and transferred them to another party; (8) that it had taken a conveyance of one of the properties upon which she had a mortgage which had been assigned to plaintiff among the securities transferred to it, and that this property was worth more than the amount of her husband's debt to plaintiff, and it had taken the oil therefrom and not accounted for it. *Held*, that the affidavit of defense was sufficient to prevent judgment.

Argued May 9, 1895. Appeals, No. 391, Jan. T., 1895, and No. 28, July T., 1895, by defendants and the terre tenant, from order of C. P. McKean Co., Oct. T., 1894, No. 176, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Reversed.