Graham, Appellant, *v.* County Commissioners of Lawrence County.

Argued April 21, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Graff, JJ.

*Alvah M. Shumaker,* and with him *Wm. McElwee, Jr.,* for appellant.—County commissioners do not have any power as to the revision of taxes, except such as has been conferred upon them by statute: Central Pennsylvania Lumber Company's Appeal, 232 Pa. 191; McMicken v. Commonwealth, 58 Pa. 213.

*John P. Lockhart,* for appellee.—The statutes governing our system of taxation, have provided a remedy for aggrieved property owners and that remedy is exclusive: Moore v. Taylor, 147 Pa. 481; Hughes v. Kline, 30 Pa. 227.

OPINION BY GAWTHROP, J., July 10, 1930:
Plaintiff filed a bill in equity against the county commissioners of Lawrence County, praying for a decree directing defendants to cancel an increase in the assessed valuation of his land and to restrain them from putting in process of collection the tax based on the increased assessment. After hearing on bill, answer, replication and proofs he has brought this appeal from a decree refusing the relief and dismissing the bill.

The undisputed material facts are these: Plaintiff is the owner of a farm in Plaingrove Township, Lawrence County. At the triennial assessment made in the fall of 1927 for the year 1928, this land was assessed by the local assessor at $3,000 and the return of that assessment was made to the county commissioners. The commissioners, after having given public notice, and special notice to plaintiff, that they would sit as a board of revision for Plaingrove Township at the commissioners' office on January 17, 1928, sat as a board of revision at that time and place. The assessor of the township was present, but neither plaintiff nor anyone representing him attended. The

minutes of the county commissioners of that date read: "The board all present. Court of appeal for the revision of 1928 taxes was held for Perry and Plaingrove Townships." On that day no action was taken relative to the assessment of plaintiff's land in the presence of the assessor, who was advised by the commissioners about four o'clock in the afternoon that he might go home. There was no formal adjournment or continuance of the court of appeal, but the commissioners discussed the assessment of plaintiff's property and agreed to continue the matter of the revision of the assessment thereof until the condition of the roads would permit their going out to view the farm. On February 29, 1928, the commissioners viewed the farm and returned to their office and unanimously agreed to raise plaintiff's assessment from $3,000 to $5,000, and mailed him a notice of such increased assessment, which he received March 2, 1928. The facsimile signatures of the commissioners appeared at the bottom of the notice. This notice did not fix a date when an appeal for such cases would be held at the office of the commissioners, as is required by the Act of 1909, P. L. 244.

The question raised is whether a bill in equity will lie, under the facts of this case, to enjoin the collection of taxes levied on such increased valuation. It has been held over and over again that the taxing system of this state is entirely a creature of statutory law and that where there is a remedy at law the owner of taxable property, if aggrieved, must seek redress in the manner pointed out by the statute, and cannot invoke the assistance of a court of equity. It is equally well settled that a court of equity has jurisdiction to restrain the collection of taxes in certain cases. Where there is a want of power to tax, or an assessment beyond the requirements of the object of the taxes, or improper subjects of taxation are introduced, or taxes are imposed in a manner prohibited by the Constitu-

tion, the power of a court of equity to interfere is manifest. Where, however, the assessment is made by the proper officers upon proper subjects of taxation, for a lawful tax not in excess of the requirements of the municipality, and the objection to the taxation is merely that of irregularity in the valuation or assessment, the courts will not interfere: Kemble v. Titusville, 135 Pa. 141; St. Mary's Gas Co. v. Elk Co., 168 Pa. 401; Banger's Appeal, 109 Pa. 79. If the tax is lawful, but there are mere technical irregularities in the assessment, the remedy is at law and by an appeal from the assessment: Pittsburgh A. & M. Ry. Co. v. Stowe Township, 252 Pa. 149. See also, Clinton School District's Appeal, 56 Pa. 315; Stewart v. Maple, 70 Pa. 221. In the case at bar plaintiff is complaining of the increased valuation made by the board of revision. There is no allegation in the bill that the land was not subject to taxation, or of the lack of power in the commissioners acting as a board of revision to make an increase in the assessment of the assessor. His real complaint, of course, is that the increased assessment will result in increased taxes, and to get rid of that he attacks the manner of assessment. It seems to us plain that his position is not different from that of the plaintiff in Hughes v. Kline, 30 Pa. 227, in which the complaint was of the manner of assessment. In denying relief the Supreme Court said: "This was within the jurisdiction of the common pleas......there being a special remedy by statute. It will not do to permit the collection of taxes to be interfered with by such process, unless in the clearest cases of want of jurisdiction in the assessing and collecting officers. The effects would be mischievous and disastrous...... The correction of all errors in assessments that may be made on appeal to the commissioners or by any superadded jurisdiction for that purpose is final and conclusive—is not subject to be reviewed by bill in equity, nor even in this court." If plaintiff merely

thought the amount of the increased assessment excessive and did not question the power of the county commissioners sitting as a board of revision, to raise his assessment, it was his duty to appeal to the board of revision of taxes: Phila. v. Kolb, 288 Pa. 359.

The contention made by counsel in his behalf is that there was no power in the county commissioners, sitting as a board of revision, to raise the assessment after January 17th, the day set for appeals from assessments in Plaingrove Township. They reason thus: Section 11 of the Act of 1842, P. L. 445, provides that as soon as the assessors make their return the county commissioners shall give notice of a day not later than thirty days from the time of publishing the returns of the assessors, for finally determining whether any of the valuations of the assessors have been made below a just rate. Section 13 of that act provides that on the day appointed they shall proceed to raise the price or valuation of any property which they shall believe to have been reduced too low, and if they cannot, on the day appointed, revise, raise and equalize, valuation of all property which they shall believe to have been reduced too low, they may adjourn from day to day until the whole of such valuation shall have been revised, raised and equalized. The Act of 1909, P. L. 244, provides that the county commissioners, acting as a board of revision, at the time and place of holding appeals for the several townships, shall, whenever they raise the price or valuation of any property which they believe has been valued by the assessors too low, give a notice of such increased valuation to the owner or owners and in said notice fix a day when an appeal for such cases will be held at the office of the county commissioners. The contention is that, as plaintiff's assessment was not revised on January 17th and the minutes of the county commissioners, acting as a board of revision, did not show an adjournment, either from day to day or to a day certain, or any adjourn-

ment whatever, but merely that "the court of appeal for the revision of taxes for Plaingrove Township was held," there was no power to revise plaintiff's assessment after that day, and that on that day plaintiff's assessment became fixed and determined and thereafter it could not be raised; that the statutes fix the procedure whereby an assessment may be raised and expressly limit how it may be done. We cannot adopt the contention that because the minutes of the county commissioners, sitting as a board of revision, failed to show that the meeting on January 17th was adjourned to a later day, and failed to show an adjournment without any matters pending, the function of the board of revision was at an end until the next triennial assessment. The minutes are not the only evidence of what the board of revision did on that day. It cannot divest itself of the important public duties vested in it or lose its power by failing to record its proceedings in a minute. That board had the power to raise appellant's assessment. While the failure to adjourn from day to day as provided by statute, and its failure to give plaintiff notice, in the notice of his increased valuation, of a date when an appeal would be held, were inexcusable irregularities, we are of opinion that the board substantially complied with the legislation relative to the assessment of taxes and its proceedings in that respect were not illegal or void. As was said in a somewhat similar case, Manor Real Est. & Tr. Co. v. Cooner, 209 Pa. 531, the objection raised by plaintiff is purely technical and, as he was not injured by the failure of the commissioners to comply literally with the statutes, he has no just ground of complaint. If aggrieved by the increased valuation placed on his property, of which he received notice, he had a complete and adequate remedy by appeal. The fact that the notice of his increased assessment did not fix a date for hearing appeals by the board of revision did not prevent him from appealing to that tribunal. It

252

seems that the board of revision continues in existence even after the duplicate is issued: · Moore v. Taylor, 147 Pa. 481; Williamson's Estate, 153 Pa. 508; Manor Real Est. & Tr. Co. v. Cooner, supra. This case is distinguishable from Quemahoning Coal Co. v. Township of Jenner, 83 Pa. Superior Ct. 577. When the bill in that case was filed plaintiff's appeal to the board of revision had not been disposed of and defendant levied a tax on an unadjusted valuation. Such a levy was not authorized by law and at the time plaintiff had no remedy at law. After full consideration of the exhaustive brief of the able counsel for appellant, and an examination of the authorities cited, we are of one mind that the learned chancellor reached the proper conclusion in an opinion which well supports it.

The decree is affirmed at the cost of appellant.