# Chevra Achewa Chesed Ahshe Cheval v. City of Philadelphia et al.

*Blumberg & Sork,* for plaintiff.

*David J. Smyth,* city solicitor, *Mayne R. Longstreth,* assistant city solicitor, and *Theodore F. Jenkins,* for defendants.

LAMBERTON, J., January 16, 1934.—Plaintiff, a corporation of the first class, seeks to enjoin the collection of taxes assessed against premises owned by it at 322, 324, and 326 Bainbridge Street for the years 1930, 1931, 1932, and 1933, on the ground that said premises are used as a place of religious worship, and so are exempt from taxes under the Act of July 17, 1919, P. L. 1021, as amended by the Act of April 9, 1921, P. L. 119, providing as follows:

". . . All churches, meeting-houses, or other regular places of stated worship, with the ground thereto annexed necessary for the occupancy and enjoyment of the same . . . be, and the same are hereby, exempted from all and every county, city, borough, township, bounty, road, school, and poor tax. . . ."

An answer was filed, and a hearing was held at which testimony was produced

on the part of plaintiff but none on the part of defendants. The chancellor made findings of fact, amply supported by the uncontradicted evidence, on the basis of which the property in question is undoubtedly exempt. While numerous exceptions were filed, the only one pressed at the argument, and the only one which we need now consider, is that there can be no relief in equity, since there is an adequate remedy at law by appeal under the Act of April 19, 1889, P. L. 37.

It is settled by our higher court decisions that where there is a lack of power to tax, a bill in equity to restrain the collection of the tax is the proper procedure, and innumerable cases might be cited where the courts have upheld this remedy: Banger's Appeal, 109 Pa. 79, 91; St. Mary's Gas Co. v. Elk County et al., 168 Pa. 401; Pittsburgh, Allegheny & McKees Rocks Ry. Co. v. Stowe Township, 252 Pa. 149; Graham v. County Commissioners of Lawrence County, 99 Pa. Superior Ct. 245. Counsel for defendants concedes the correctness of this rule, but argues that in the case of real estate taxes it is applicable only where there is no power to assess, as in the case of railroad companies, and does not apply to charitable or religious corporations, because in such case there is a power to assess, and the exemption is not automatic but must be claimed. We can see no reason for this distinction, and no case has been cited to us holding that such distinction exists. The act in question does not say that places of religious worship may be exempted, but says that they "are hereby, exempted". This, to our mind, means that when the conditions stated in the act are present, there is an exemption, just as full and complete as in the case of property owned by railroad companies, etc. To put it in the language used by our higher courts, "there is a lack of power to tax." There are decisions of our higher courts in which bills in equity were filed by charitable organizations to restrain the collection of taxes and the restraint was affirmed by the higher court, although the point now raised was not mentioned: The Barnes Foundation v. Keely et al., 108 Pa. Superior Ct. 203. There is also a very recent case in which the lower court refused the injunction and the higher court granted it: United Presbyterian Women's Association of North America v. Butler County, 110 Pa. Superior Ct. 116. It is hard to believe that the higher court would reverse the lower court and grant the injunction if the proceeding was improper. There is at least one lower court case flatly in point, with the reasoning of which we entirely agree, namely, Boyle v. Westmoreland County et al., 11 D. & C. 505.

There is another line of cases in which bills in equity were filed and were dismissed on the ground that, since part of the premises were taxable, there was an adequate remedy at law. As said in Christian Association of the University of Pa. v. City of Philadelphia et al., 75 Pa. Superior Ct. 516, 520, "If any portion of the premises is taxable the bill in equity must be dismissed." See also Laymen's Week-End Retreat League of Phila. v. Butler et al., 83 Pa. Superior Ct. 1. The converse of this rule would surely be that, where no portion of the premises is taxable, a bill in equity is the proper remedy.

Although complaint is made in the bill of the assessment of taxes for the years commencing 1930, the bill was not filed until April 5, 1933. The question of laches, however, has not been raised, and we have therefore not considered it.

For the above reasons, the exceptions must be dismissed.

And now, to wit, January 16, 1934, the exceptions are dismissed, and the decree nisi heretofore entered is made final.