Mauch Chunk Township Taxpayers' Association
et al. *v.* Kern et al., Appellants.

Argued May 20, 1940. Before SCHAFFER, C. J.,
MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

258

*Leighton C. Scott,* with him *George E. Gray,* for appellants.

*Frank X. York,* for appellees.

OPINION BY MR. JUSTICE BARNES, June 24, 1940:

This appeal is from the order of the court below granting a preliminary injunction * against the defendants as members of the Board of Revision of Taxes of Carbon County to restrain them from imposing an allegedly improper assessment and from proceeding with the collection of taxes upon the basis thereof.

In September, 1939, the defendants issued their precept to the real estate assessor of Mauch Chunk Township directing him to make the triennial assessment of taxable property in the township for the years 1940, 1941 and 1942, and to file his return with the Board on December 31, 1939. The return was not made until January 31, 1940, the date which had been designated by the Board for the hearing of appeals. On that day the Board met and adopted a resolution rejecting the return made by the assessor. Thereafter meetings were

---

* See Act of February 14, 1866, P. L. 28, authorizing appeals from orders granting preliminary injunctions.

held from time to time for the purpose of revising, equalizing and adjusting the assessment.

On March 12, 1940, by formal action of the Board, the assessor's return was set aside and an assessment of the properties in the township was adopted based upon the valuation of taxable property appearing upon its books for the year 1939. At the same time notice was duly given to all taxpayers in the township of the amount of the assessment, and that appeals therefrom would be heard on March 27, 1940.

Plaintiffs, the Mauch Chunk Township Taxpayers' Association and individual property owners, filed a bill in equity in the court below on the day fixed by the Board for the hearing of appeals, asking for a preliminary injunction against further proceedings upon the assessment. The bill alleged that the Board was without statutory authority to set aside the assessor's valuation after the first appeal day had passed, and that its adoption of an assessment based on valuations for 1939 was arbitrary and improper. The restraining order was granted and the defendants' subsequent motion to dissolve it was denied. After an order continuing the preliminary injunction had been made by the court on April 2, 1940, this appeal was taken by the Board.

The question for our determination is whether the court below had jurisdiction in equity to grant the relief sought by plaintiffs. Defendants contend that an adequate and exclusive remedy at law is afforded by the procedure for tax appeals set forth in the General County Assessment Law of May 22, 1933, P. L. 853. With this contention we agree.

As plaintiffs do not deny the power of the Board to revise and equalize the triennial assessment of their properties, but complain merely of irregularities in its exercise of that power, their bill afforded no justification for the intervention of a court of equity. In *Pittsburgh, A. & M. Ry. Co. v. Stowe Twp.*, 252 Pa. 149, this Court said (p. 155) : "Where there is a want of power to tax

or the tax is levied without authority of law, a bill in equity will lie to restrain its collection. . . . If the tax is lawful but the manner of collecting it is oppressive or unfair, or there are technical irregularities in the assessment, the remedy is at law and by an appeal from the assessment." This well established rule was recently reaffirmed by us in *Susquehanna Col. Company's Appeal,* 335 Pa. 337, where we held (p. 343) : "The statutory remedy of appeal from the action of the assessors to the Board of Revision is not only adequate, but exclusive, where the assessing authorities have acted within the lawful scope of their powers." See also *Ramsey's Appeal,* 88 Pa. 60; *Moore v. Taylor,* 147 Pa. 481; *Manor Real Est. etc. Co. v. Cooner,* 209 Pa. 531; *Miller v. Northampton County,* 307 Pa. 550; *Dougherty v. Philadelphia,* 314 Pa. 298; *Derry Twp. School Dist. v. Barnett C. Co.,* 332 Pa. 174, 177.

Plaintiffs and the court below have pointed to no statutory provision which was violated by the action of the Board in revising the assessment after the first appeal day. Section 505 of the Act of 1933, supra, which confers upon the Board its powers of revision and equalization, provides that: ". . . if they cannot on the day appointed revise, raise and equalize the valuations of all property, they may adjourn from day to day until the whole of such valuation shall have been revised, raised or equalized." In the present case, the assessor's return was not made until the day originally fixed for hearing appeals. It was apparent that the valuations for the entire township could not be revised and acted upon on the day appointed. While the record does not disclose whether the Board formally adjourned from day to day, as the statute requires, we are of opinion that, even if it failed to do so, there was a substantial compliance with the Act of Assembly.

The same contention urged by plaintiffs in the present case was advanced in *Graham v. Comm. of Lawrence County,* 99 Pa. Superior Ct. 245, where it was

held (p. 251) : "While the failure to adjourn from day to day as provided by statute, and its failure to give plaintiff notice, in the notice of his increased valuation, of a date when an appeal would be held, were inexcusable irregularities, we are of opinion that the Board substantially complied with the legislation relative to the assessment of taxes and its proceedings in that respect were not illegal or void."

If any individual plaintiff was aggrieved by the valuation placed upon his property by the Board, or by its alleged failure to comply literally with the statute, his remedy at law by an appeal from the assessment was both adequate and exclusive: *Hughes v. Kline,* 30 Pa. 227; *Graham v. Comm. of Lawrence County,* supra. It follows that the court below was without jurisdiction to interfere by injunction with the exercise by the Board of its lawful functions.

We were informed at the argument of this appeal that further proceedings were had in the court below subsequent to the date of an order of supersedeas issued by this Court, and while that order remained in effect. Although nothing appears upon the record to support this assertion, such proceeding would constitute a flagrant breach of judicial authority.

The order of the court below is reversed, the preliminary injunction is dissolved, and the bill is here dismissed. Costs to be paid by appellees.