## Knowles' Petition

*J. Douglas Fackenthal,* of *Chidsey, Maxwell & Fackenthal,* for petitioner.

BARTHOLD, J., March 27, 1944.—This is a petition of Reba J. Knowles, sole heir at law of Charles J. Knowles, deceased, former owner of property 227 East Lafayette Street, Easton, Northampton County, Pa., requesting court approval of an offer of $2,000 in compromise of all taxes, penalties, interest, and costs which have accrued against the property in question since 1937, amounting to $7,127.15. The taxing authorities interested are the County of Northampton, the City of Easton, and the School District of the City of Easton. The county has evidenced its approval of the proposed compromise by joining in the petition. The City of Easton has not entered an appearance in the proceedings and its absence may be construed as acquiescence. The sole protesting taxing authority is the School District of the City of Easton.

The right of compromise is now statutory and the present petition is filed under the provisions of the Act of May 21, 1937, P. L. 787, as amended by the Act of July 29, 1941, P. L. 600 (72 PS §§5878a-5878d). A tentative agreement of compromise having been entered into, it is incumbent upon the court to determine whether the proposed compromise is "proper and to the advantage of all the taxing authorities interested". The provision authorizing the court to approve the compromise is in the following language (sec. 4):

"If, after such hearing, the court is satisfied that the proposed compromise or private sale is proper and to the advantage of all the taxing authorities interested, it shall enter a decree approving such compromise, settlement, private sale or such other settlement as the court may find to be proper, and directing a conveyance of such property to the person or persons with whom the agreement has been made, upon payment of the agreement amount or such amount as the court may approve, and all costs of the proceeding." (72 PS §5878d)

The first objection interposed by the school district is that the compromise cannot be approved because all of the taxing authorities have not joined in the proposed settlement. The case of Andrews Land Corporation's Appeal, 149 Pa. Superior Ct. 212, has definitely decided this contention against the school district. That case is authority for the proposition that where seated land is sold for taxes duly returned as unpaid, at a public county treasurer's sale, and the land is purchased at such sale by the county commissioners, for less than the full amount of the taxes and costs, the county becomes a trustee for all the tax-levying authorities to whom unpaid taxes are due.

A second objection of the school district is that the proposed tax compromise is not proper and to the advantage of all the taxing authorities interested. On this phase of the case the school district contends that it was incumbent upon the petitioner to show the propriety of the tax compromise and its advantage to all of the taxing authorities interested. The school district urges strenuously that the testimony does not establish such advantage, but on the contrary clearly indicates disadvantage and impropriety.

The admitted facts and the testimony reveal that the property was sold to the county at treasurer's sale on April 29, 1941, for 1937 delinquent county, school, and city taxes; that the taxes, penalties, interest, and

costs due amount to a total of $7,127.15; that the property is encumbered with a $50,000 mortgage of the Easton National Bank, trustee, dated March 7, 1938; that the property has not been redeemed or sold by the county; that it has been assessed for county, city, and school purposes for the year 1937 and the years subsequent thereto at amounts ranging between twenty-three and twenty-seven thousand dollars; that its fair market value for the year 1937 and years subsequent thereto is $7,500; that the property is a large three-story dwelling, located on two acres of land in the residential section of the City of Easton; that the property has not been kept up for the last three years and has been unoccupied for a period of approximately four months.

While the petition contains an allegation that the property cannot now be sold for the amount of the taxes, not a single witness testified that the taxes were more than could be realized by an enforced sale against the owners. The sole basis for urging upon the court the acceptance of the compromise seems to be that the property has been grossly over-assessed for the years during which the taxes have accumulated. To establish the over-assessment, petitioners called one witness, a real estate expert, who testified that the fair market value of the property from the year 1937 to date did not exceed $7,500. We are immediately confronted with the legal problem as to whether or not the court, under the act of assembly in question, may legally entertain testimony designed to attack the propriety of the assessments when it is an admitted fact that nothing was done by the owner or mortgagee to procure a reduction of the assessments in a legal way, and when no explanation is given as to why the appropriate procedure to reduce assessments was not adopted. It is our considered judgment that the act of assembly does not give us the authority to consider such testimony. The

cases have uniformly held that assessments cannot be collaterally attacked. In Moore v. Taylor, 147 Pa. 481, involving a bill in equity to prevent the levying and collection of taxes, the Supreme Court, at page 483, held:

"If the trustees considered themselves aggrieved by the official action of the board, their only remedy was by appeal from its decision; but no complaint was made, no appeal was taken, and the decision became final and conclusive, not only as to the owners, but also as to those claiming under them by subsequent conveyance. The duty of taxing-officers is quasi judicial; and it is well settled that, when the general power to assess exists, the remedy for illegal taxation is by appeal; if none be given, neither the common pleas nor this court can reverse the judgment of the taxing officers. On the other hand, if a specific remedy is provided, it must be pursued."

See also Hughes v. Kline et al., 30 Pa. 227; Clinton School District's Appeal, 56 Pa. 315; Stewart v. Maple, 70 Pa. 221; Van Nort's Appeal, 121 Pa. 118.

It would be anomalous indeed if tax compromises could be based solely on the ground that assessments for prior years had been too high. If such were the rule, it would inevitably follow that the courts would constantly be called in tax compromise proceedings to re-examine assessments for the years during which taxes have become delinquent. The tax compromise acts do not give us such authority and the appellate decisions of our courts specifically prevent collateral attacks upon tax assessments.

Aside from the question of the competency of evidence to establish grossly inadequate assessments in tax compromise proceedings, there is a more cogent reason why the court cannot in all good conscience approve the compromise requested, namely, that petitioner has failed to show that the taxes are more than

could be realized by an enforced sale against the owners. Petitioner offered testimony tending to show that the fair market value of the property is $7,500. The delinquent taxes proposed to be compromised for $2,000 amount to $7,127.15. The proposed settlement is only 28.8 percent of the outstanding taxes. How can any court declare such a compromise proper and advantageous to all the taxing authorities, when the property is admittedly worth at least 3½ times the compromise offer? Taxes properly assessed and returned are continuing liens superior in point of payment to all other liens, including that of the mortgage in question. In any proceeding by the mortgagee to foreclose and collect its mortgage, the taxes are first payable out of the proceeds.

"Without statutory direction or authority the lien of a prior mortgage is not disturbed by a sale for taxes. The legislative intent, however, culminating in the Municipal Lien Act, supra, was to regard taxes as liens superior in point of *payment* to all other liens, but not to regard them as superior in point of *time*. See Northern Liberties v. Swain, 13 Pa. 113, 115": Gordon, Secretary of Banking, v. Harrisburg et al., 314 Pa. 70, 73; Erie v. Piece of Land, 339 Pa. 321; Day v. Ostergard et al., 146 Pa. Superior Ct. 27; Federal Land Bank of Baltimore v. Dimon et al., 23 D. & C. 665.

Apart from proof to the contrary, it is reasonable to assume therefore that the greater portion of the delinquent taxes can be recovered upon an enforced sale of the premises. The county commissioners hold the title as trustees for the several taxing authorities and are presently in a position to offer the property for sale under the authority conferred upon them by the act of assembly under which the present compromise is sought and by the act of assembly authorizing sales free and discharged of mortgages, liens, etc.

Until it has been established with more certainty than it has been established in this case that no more

than $2,000 can be realized upon a sale, we are not in a position to approve the compromise. The record is devoid of any such testimony and we have no other alternative than to hold that the proofs adduced did not establish that the offer is fair and equitable and to the advantage of all the taxing authorities.

Upon argument, petitioner urged, in answer to the above, that it is doubtful that more than $2,000 could be realized upon a sale of the property, free and clear of liens, first, because of the amount of the assessment, and, second, because of the existence of a $50,000 mortgage. It is true that any prospective purchaser would be interested in the amount of the assessment, but petitioner overlooks the fact that if the fair market value of the property is actually only $7,500 the assessment can and will be reduced through proper legal procedure. In urging that the mortgage will be a deterrent to bidders, petitioner argues that if a sale is held under the Act of May 21, 1943, P. L. 364 (72 PS §5971q), the act authorizing a sale, free and clear of mortgages, liens, etc., the purchaser may be buying a lawsuit because this act of assembly has not been judicially construed and may be held unconstitutional because it authorizes the divestiture of liens. Petitioner overlooks the fact that a similar act of assembly has been held constitutional by the Supreme Court in Erie v. Piece of Land, supra.

It is our considered judgment that, in the light of these legislative enactments and judicial declarations, it would be an abuse of discretion to approve a compromise which gives to the taxing authorities only $2,000, while leaving to the owner and the mortgagee an equity of $5,500. Although we cannot compel the county commissioners to adopt any specific procedure to enforce collection of the delinquent taxes in question, we are of the opinion that it is only fair to the protesting school district, an interested tax authority, that the county commissioners, as trustees for all of the taxing

authorities, before urging the court to approve so disproportionate a compromise as the present one, choose a procedure under existing acts of assembly which will best fix a fair and just consideration for the conveyance of the tax title. At least two acts of assembly are available for this purpose: The Act of May 21, 1937, P. L. 787, as amended by the Act of July 29, 1941, P. L. 600 (72 PS §§5878a-5878d), which authorizes the private sale of any real property purchased by the county at a tax sale after the period for redemption has passed; and the Act of May 21, 1943, P. L. 364 (72 PS §5971q), which authorizes a sale, free and clear of mortgages, liens, etc., where the owner has not redeemed the property within the redemption period.

And now, March 27, 1944, upon and after consideration of the within petition, it is ordered and directed that the petition heretofore presented, praying for the approval of a compromise settlement of the delinquent taxes against property 227 East Lafayette Street, Easton, Northampton County, Pa., be and the same is hereby refused, and the petition is dismissed at the cost of petitioner.