### In re WYOMING VALLEY ICE CO.

(District Court, M. D. Pennsylvania. April 11, 1906.)

### No. 558.

BANKRUPTCY—PRIORITIES OF CLAIMS—TAX ON CORPORATE BONDS—LIABILITY OF CORPORATION TO COLLECT.

Revenue Act Pa. June 30, 1885 (P. L. 193) inter alia imposes a tax at a fixed rate on the bonds of corporations owned by residents of the state, and makes it the duty of the treasurer of every corporation doing business in the state to collect such tax due from its bondholders, by retaining it from the interest paid on its bonds, and to pay the same to the state treasurer. As such act is construed by the Supreme Court of the state, the tax thereby imposed is not upon the corporation, although it is held

liable to the state therefor. *Held*, that an account settled by the state officers against a bankrupt corporation, on account of taxes so imposed on its bonds, was not a tax due from the bankrupt entitled to priority of payment, under Bankr. Act July 1, 1898, c. 541, § 64a, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447], but merely a liability arising from its duty to collect the taxes due from its bondholders and provable and payable like any ordinary indebtedness, in the absence of any statute making it a preferred claim in case of insolvency.[1]

In Bankruptcy. On certificate from H. A. Fuller, referee.

George R. Bedford, for exceptions.
George J. Llewelleyn and W. S. McLean, opposed.

ARCHBALD, District Judge. An account was duly settled against the bankrupt corporation by the fiscal officers of the state of Pennsylvania, for $904.50, the taxes due from resident holders of its bonds for the years 1901 to 1903 inclusive. Priority of payment is claimed for this as a tax, under the provisions of Bankr. Act July 1, 1898, c. 541, § 64a, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447], and the referee has allowed it. There can be no question as to its right to be so preferred, if such is its character (In re Prince & Walter, 12 Am. Bankr. Rep. 675, 131 Fed. 546; City of Chattanooga v. Hill, 15 Am. Bankr. Rep. 195, 139 Fed. 600), but that is denied. And the mere fact that it is called a tax is not conclusive, if not really so (In re Cosmopolitan Power Co., 14 Am. Bankr. Rep. 604, 137 Fed. 858), nor even though in its origin, that may be said of it, with truth.

By the Pennsylvania revenue act of June 30, 1885 (P. L. 193) "all mortgages, money owing by solvent debtors, whether by promissory note or penal or single bill, bond or judgment," are made "taxable for state purposes, at the rate of three mills on the dollar of the value thereof annually," which by subsequent acts is increased to four mills, without in other respects changing it. Act June 1, 1889 (P. L. 420); Act June 8, 1891 (P. L. 229). To facilitate the collection of this tax on the bonded and other indebtedness of corporations, it is provided in the act first named:

"Sec. 4. That hereafter it shall be the duty of the treasurer of each private corporation, incorporated by or under the laws of this commonwealth, or the laws of any other state, or of the United States, and doing business in this commonwealth, upon the payment of any interest on any scrip, bond, or certificate or indebtedness, issued by said corporation to residents of this commonwealth, and held by them, to assess the tax imposed and provided for state purposes upon the nominal value of each and every said evidence of debt, and to report on oath annually on the first day of November, to the Auditor General the amount of indebtedness of the corporation owned by residents of this commonwealth, as nearly as the same can be ascertained; and it shall be his further duty to deduct three mills [changed to four mills as stated above] on every dollar of the interest paid as aforesaid, and return the same into the state treasury within fifteen days after the thirty-first day of December in each year; and his compensation for his services shall be the same that city and borough treasurers receive for similar services; and for every failure to assess and pay said tax and make report as aforesaid, the Auditor General shall add ten percentum as a penalty to the amount of the tax; on payment of said tax by a corporation the bonds, certificates or other evidences of indebted-

---

[1] Cf. In re Waller, 15 Am. Bankr. Rep. 753, 142 Fed. 883.

ness, issued by it shall be exempt from all other taxation in the hands of the holders of the same."

The treasurer of every corporation doing business in the state is thus bound to collect, in the manner prescribed, from resident bondholders, the tax which is so imposed, and, upon his failure to do so, the corporation is, no doubt, liable. But the cases, one and all, make it clear that the obligation of the corporation is one of collection only, and does not make the tax its own. Says Clark, J., in Commonwealth v. Del. Div. Canal Co., 123 Pa. 594, 618, 16 Atl. 584, 587, 2 L. R. A. 798:

"The act constitutes the company or its treasurer, as such, the collector of the tax, and, upon failure to discharge the duty imposed by law, the settlement is properly made against the company, whose servant he is, as in case of the default of any other officer of the government, upon whom a like duty is imposed. The obligation rests upon the company; but, as the company can only act through its officers, the default of the officer is esteemed the default of the company, and the penalty is visited upon them. The treasurer is designated in order that there may be no evasion; he has exceptional opportunities to know and has the power in his own hands to perform the several matters required."

It is in the same case, however, later said:

"The tax is not upon the corporation; it is upon the holder of the corporate bonds."

And in Commonwealth v. Lehigh Valley R. R., 129 Pa. 429, 449, 18 Atl. 406, 408, it is said:

"The settlement is made against the company, not for taxes of the company, but for taxes which the company through its treasurer ought to have collected. If the treasurer has failed or refused to perform what the law plainly required him to do, and has thereby relinquished his right to charge the creditors, upon whom the primary obligation would otherwise have rested, the company whose interests he represented, and whose instructions he is presumed to have pursued, is rightly held for the consequences of such willful default."

Commenting upon the same subject, in Commonwealth v. Wilkes Barre & Scranton Railway, 162 Pa. 614, 621, 29 Atl. 696, 699, it is further said by Simonton, P. J., whose opinion is adopted by the Supreme Court:

"The liability of the corporation is, indeed, in the nature of a penalty, but it is a penalty for a neglect of duty on the part of its treasurer."

And, finally, in Commonwealth v. Railroad, 186 Pa. 235, 246, 40 Atl. 491, 492, it is declared by Mitchell, J.:

"The tax is not in any sense or in any degree a tax on the corporation or its property, but on the individual citizen of the state who holds the bonds. The corporation is chargeable with it only as a collector, and by reason of default in the duty to collect."

By this authoritative determination of the law it appears that while, as between the state and the resident bondholders, the obligation is a tax, for which the latter is primarily and directly liable; as to the corporation, it is not such, but only a liability, due to the duty imposed by the statute to aid in its collection. The corporation becomes

a debtor for the amount of the tax, which it is required to deduct from the interest going to the bondholders; and whatever preference or priority this may give to the state over creditors, in case of insolvency, under the state law, of which, if any, I have not been advised, there is none under the provisions of the bankruptcy act with regard to the payment of taxes, which are relied upon. According to what is there said (section 64a):

"The court shall order the trustee to pay all taxes legally due and owing by the bankrupt, to the United States, state, county, district, or municipality, in advance of the payment of dividends to creditors."

But, to justify this, the tax in plain terms must be one which is due from the bankrupt, and not, as here, a mere liability for the collection of it from another.

It is also said, however, that in the present instance the corporation has agreed in its bonds that the interest stipulated for shall be without deduction for taxes, and that these are thus made its own. But whatever may be the effect of this provision, as between the corporation and the bondholder, it does not change the character of the obligation of either of them, to the state; which is material. As to the bondholder, it is still a tax, which he is bound to pay, and which the state may enforce against him, even though the corporation has undertaken to see to its payment.

This also meets the suggestion that the state may lose the tax by the refusal to give it a preference. The tax is by no means lost because it is not paid in full out of the property of the bankrupt corporation in preference to others. It is entitled, of course, to its proportionate share; but more than this, being due from the·bondholder, the state can still collect it, not so conveniently, it may be, as by the method provided by the statute, with the aid of the corporation, but it is merely left in this respect in the same situation as it was before this provision was brought into the law, of which it cannot well complain.

The exceptions are sustained and the referee reversed, and distribution is directed to be made in accordance with the views expressed in this opinion.