## In re MONROE LUMBER & SUPPLY CO.

District Court, M. D. Pennsylvania. December 31, 1929.

No. 5198.

L. A. Achterman, of Stroudsburg, Pa., for petitioner.

Cyrus E. Woods, Atty. Gen., and Philip S. Moyer, Deputy Atty. Gen., of Pennsylvania, for the Commonwealth of Pennsylvania.

JOHNSON, District Judge. This is a petition for review of the order of the referee of August 16, 1929, wherein he allowed the claim of the commonwealth of Pennsylvania in the amount of $697.83 as a priority claim against the assets of the bankrupt estate. The claim of the commonwealth is made up of seven items, as follows:

| | |
|---|---|
| (1) Interest on capital stock tax | $ 14 76 |
| (2) Corporate loan tax for 1923 | 8 02 |
| (3) Tax on capital stock for 1924 | 50 00 |
| (4) Tax on corporate loan | 185 48 |
| (5) Tax on net income | 4 57 |
| (6) Tax on capital stock together with penalty | 80 00 |
| (7) Corporate loan tax, including interest | 384 00 |

At the hearing before the referee, the commonwealth withdrew a part of claim No. 6, in the amount of $5, representing penalty, and also withdrew a part of claim No. 7, in the amount of $24, representing penalty. At the hearing before this court, the commonwealth withdrew the further sum of $120 from claim No. 7, which represents loan tax for the first six months of 1926. John N. Eschenbach Lumber Company, a creditor of the bankrupt, filed exceptions to the referee's order, and these exceptions are now before this court for review.

At the argument it was admitted by the petitioner that claims 1, 3, 5, and 6 are priority claims, and the referee was correct in holding that the commonwealth was entitled to payment of these claims as priority claims against the bankrupt estate, and the court finds that the referee was correct in so holding.

The real dispute was the question of the priority of the claims No. 2, 4, and 7, due the commonwealth for and on account of corporate loan tax. Prior to the Act of June 15, 1911, under the decision in Re Wyoming Valley Ice Co. (D. C.) 145 F. 267, such claims were not priority claims; but the Act of June 15, 1911, P. L. 955 (Pa. St. 1920, §§ 20529–20531), makes such claims a first lien on the assets of a corporation from the date of the settlement by the auditor general and approval by the state treasurer.

■ The referee was correct in sustaining claims 2 and 4 of the commonwealth, since these claims were settled by the auditor general and approved by the state treasurer prior to the date of the adjudication of bankruptcy in this estate.

■ Claim No. 7 was not settled by the audi-

tor general and approved by the state treasurer until July 8, 1926, more than four months subsequent to the adjudication in bankruptcy, and is therefore not a priority claim against the bankrupt estate. Since the referee held this as a priority claim, he must be reversed as to this item.

The court, therefore, allows a total priority claim due to the commonwealth of Pennsylvania of $337.83, and the trustee is directed to pay this sum to the commonwealth of Pennsylvania.