## Commonwealth *v.* Wilkes-Barre & Scranton Ry., Appellant.

*Taxation—Corporations—Duty of treasurer to retain tax—Statutes—Implied repeals—Constitutional law—Title to act—Acts of June 30, 1885, and June 8, 1891.*

The act of June 8, 1891, P. L. 229, is not in conflict with the constitution of Pennsylvania because of defect in its title, or for any other reason.

The fourth section of the act of June 30, 1885, P. L. 193, was not repealed by the act of June 8, 1891, but is still in force and unrepealed.

It was made the duty of the treasurer of a corporation, by the 4th section of the act of 1885, to assess and retain and pay over to the state the tax imposed by the first section of the act of June 8, 1891, on so much of its indebtedness as was held and owned by residents of Pennsylvania, and if he fails to do so the corporation is liable.

Argued May 29, 1894. Appeal, No. 19, May T., 1894, by defendant, from judgment of C. P. Dauphin Co., June T., 1893, No. 204, on trial by court without jury. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Appeal from tax settlement.

The following opinion was filed by SIMONTON, P. J.:

" This is an appeal by the corporation defendant from the settlement of an account against it by the auditor general and state treasurer for tax on loans for the year 1892, and it was tried by the court without a jury under the act of April 22, 1874.

"FINDINGS OF FACTS.

"1. Defendant is a corporation of and doing business within the state of Pennsylvania. Its treasurer, on Nov. 15, 1892, reported to the auditor general that its total indebtedness was $500,000; that $316,000 of this amount was due to corporations of this state and 'supposed to be held in their own right;' $91,000 was due to and held by individual residents of this state, or by Pennsylvania corporations as trustees; and $93,000 was due to and held by persons whose residence could not be ascertained.

"Thereupon the auditor general and state treasurer settled an account against defendant for the four mills tax on loans imposed by the act of June 8, 1891, section 1, on all of said indebtedness except the $93,000 held by persons whose residence could not be ascertained; and defendant appealed from said settlement to this court.

"We find from the evidence produced on the trial that of the $316,000 reported to be held by corporations as above, $86,000 was held and owned by the Pennsylvania Company for Insurance on Lives and Granting Annuities; $130,000 by the Fidelity Insurance, Trust and Safe Deposit Company, both corporations of this state, and $100,000 by a citizen and resident of New Jersey; and that $10,000 of the $91,000 reported to be owned and held in this state, was in fact owned by a resident of Italy, and that no tax was deducted by defendant's treasurer when the interest, which accrued on all of said indebtedness during the year 1892, was paid.

"The amount of defendant's indebtedness held and owned by Pennsylvania corporations in their own right is not taxable. See third proviso to section 21, act of June 1, 1889, P. L. 430. Neither are the amounts held and owned by a resident of New Jersey, or of Italy. This excludes from taxation all of defendant's indebtedness, except the $81,000 held and owned by residents of this state. Defendant's treasurer, as we have found, did not deduct the tax due when he paid the interest on this indebtedness, and we must therefore decide whether defendant can be required to account to the commonwealth for the tax which its treasurer thus failed or refused to collect.

"One of the objections filed with the appeal is that 'the title of the act of June 8, 1891, containing no expression of a purpose to increase the rate of taxation for state purposes on bonds,

mortgages, etc., nor to compel corporations or their officers to deduct from interest paid thereon four mills or any other rate for state taxation, the said act, and particularly the first section thereof, is void, because in conflict with section 3 of article 3 of the constitution of Pennsylvania;' and it is contended by defendant's counsel in his brief, that 'Nowhere in the title nor in the preamble is there any expression of, or reference to, a purpose to increase the state tax on moneyed capital; and nowhere, either in the title or in the preamble or in the body of the act, is there the slightest indication of a purpose to make corporations responsible for the collection of any state tax whatever on bonds issued by them;' and by counsel for another corporation, having an appeal pending on the same subject, that 'The title to the act of 1891 is clearly misleading. It gives notice that the capital stock is to be raised to five mills, but no notice whatever that the personal property tax is to be raised to four mills, and especially no notice to corporations that, under the provisions of the act of 1885, they are to be responsible for the four mills tax on their bonded indebtedness.'

" We do not understand the language and effect of the title to the act of 1891 to be as thus claimed. The title in full is as follows : ' An act to provide increased revenues for the purpose of relieving the burden of local taxation, being supplementary to the act entitled an " Act to provide revenue by taxation," approved June 7, 1879, amending the 1st, 14th, 16th, 20th, 21st, 25th and 26th sections of an act supplementary thereto, which became a law on the first day of June, 1889, entitled " A further supplement to an act entitled ' An act to provide revenue by taxation,' approved June 7, 1879," and providing for greater uniformity of taxation by taxing all the property of corporations, limited partnerships and joint stock associations having capital stock at the rate of five mills on each dollar of its actual value.'

" It will be seen that this title expressly declares that the act amends the 1st section of the act of June 1, 1889. But it was this first section which imposed the tax on loans at the rate of three mills on the dollar on their nominal value ; therefore, when the title declared that this section was amended, it clearly gave notice that the rate of the tax on loans might be changed by the act. We are therefore unable to see that the constitutional provision above referred to has been violated.

" It is true there is no reference in the title to section 4 of the act of 1885, which requires the treasurer of the corporation to deduct the tax. But the act of 1891 does not deal with the subject of the collection of the tax, and therefore there was no necessity for such reference. It simply fixes the rate of the tax on loans, leaving the method for its collection provided by the act of 1885 in full force. This method is that the treasurer of the corporation is required ' to assess the tax imposed and provided for state purposes upon the nominal value ' of all the indebtedness of the corporation, due to and owned by residents of the state ; and it is ' his further duty to deduct three mills on every dollar of the interest paid,' and ' return the same into the treasury.'

" When the act of 1885 was passed the tax on loans was imposed by its 1st section. This section was repealed and supplied by the 1st section of the act of 1889, which continued the tax at the same rate ; but the 4th section of the act of 1885 was left in full force and unchanged, and the tax imposed by the 1st section of the act of 1889 was collected under it without question until this 1st section was repealed by the 1st section of the act of 1891, which changed the rate of taxation from three mills to four ; and if this change had not been made we do not think it would have been questioned that the tax is still to be collected under the 4th section of the act of 1885. But it is now contended that the 4th section of the act of 1885 is repealed by this change of rate ; or that if not repealed, it does not require or authorize the treasurer of the corporation to assess, retain, and pay over to the state treasurer more than a three mills tax.

" The section in question is certainly not expressly repealed by the act of 1891, for it is not even referred to therein. And on well understood principles it cannot be repealed by implication unless the two acts are so inconsistent with each other that they cannot stand together. We fail to find any such inconsistency. The subject of the act of 1885 is the collection of the tax. But the act of 1891 does not touch this subject ; therefore, as we view it, it does not affect the former act. It is true, there is an apparent inconsistency between the tax rate of four mills, in the act of 1891, and the direction to retain and pay to the state treasurer three mills in the act of 1885. But

this is rather a discrepancy between different parts of a system of legislation on the general subject of taxation of corporations, than a conflict between different acts on the same specific subject; and it is to be dealt with as a matter for construction and reconciliation, rather than as a question of repeal.

" Passing to the question of construction, it is contended on behalf of defendant that the act of 1885 does not require or authorize its treasurer to assess, or retain from the interest paid, and pay to the state treasurer a tax of four mills.

" We do not see how there can be any serious question with respect to the assessment. The treasurer is required by the act ' upon the payment of any interest on any scrip, bond or certificate of indebtedness issued by said corporation to residents of this commonwealth and held by them, to assess the tax imposed and provided for state purposes upon the nominal value of each and every said evidence of debt.' This language is certainly comprehensive and flexible enough to apply to the tax imposed from time to time under any existing law, and it was, as we have already said, held to apply to the tax imposed by the act of 1889, during all the time it was in force.

" The only real difficulty arises when we come to the next clause of the section, which requires the treasurer to deduct the tax on the payment of interest. By the letter of the section it is made ' his further duty to deduct three mills on every dollar of the interest paid as aforesaid, and return the same into the state treasury.' But the tax under the act of 1891 is four mills, and it is therefore contended that this cannot be construed to require, or even authorize, the treasurer to deduct this tax.

" The question thus raised is certainly not free from doubt, and it would have been well if the legislature, when it changed the rate of the tax, had made a corresponding change in section 4 of the act of 1885; or if it had, when enacting it, made its language so general as to apply to any rate existing for the time being.

" We are, however, unable to convince ourselves that the legislature intended, by permitting this discrepancy to occur, either to abolish altogether the mode of collecting the tax provided in the act of 1885, or to so legislate that part of the tax is to be collected under it and another part through the local

assessors and collectors; we cannot doubt that its general intent was that the four mills should be collected under the act of 1885; and we think the only question is whether this intent can prevail over the letter of the act.

" When the act of 1885 was passed, the legislature undoubtedly intended, in section 4, to require the treasurer to deduct the tax imposed by section 1; and three mills was named simply because that was the rate at that time; and we see no sufficient reason why we may not understand the clause according to its practical effect, which was that it required the treasurer to deduct the tax imposed by law.

" If we do so understand it we shall be taking it in the sense which was put upon it by judicial decision soon after it was enacted. For it is to be noted that the words are: ' It shall be his further duty to deduct three mills on every dollar of the interest paid.' But the tax imposed by the first section was ' three mills on the dollar of the value ' of the indebtedness, or in other words, three mills per cent on the principal, and not on the interest. Hence, if the words had been taken literally, they would not have authorized the retention of the tax imposed by the 1st section, and by the 1st clause of section 4 required to be assessed when interest was paid. But it was plain that the legislature intended that the same tax which was assessed should be retained and paid to the state, and therefore, in Del. Div. Canal Co. v. Commonwealth, 123 Pa. 594, the court decided that the words must be so construed as to reach this result.

" The way in which this was done, it is true, was apparently so simple as hardly to amount to a question of construction. Mr. Justice CLARK, adverting to the fact that deducting three mills on the dollar of interest paid would not collect the tax, said at page 625: ' The word of (on) in the 4th section was doubtless intended for off; this is a manifest blunder, and cannot be permitted to change the plain meaning of the legislature.' But this reading would not correct the ' manifest blunder,' for three mills off every dollar of the interest paid would not realize a tax of three mills on the principal. Therefore, while this is given by the learned justice as the mode of reaching the decision that the spirit of this language and the ' plain meaning of the legislature ' was to authorize and require the treasurer

to deduct the three mills tax upon the principal, it was really reached by reading into the act that the treasurer was authorized and required to deduct 'the tax imposed by law;' and we need not read anything more into it now to make it apply to the tax imposed by the act of 1891. In other words, the letter of the law required the treasurer to deduct three mills on every dollar of interest paid; the tax imposed by law and required to be assessed was a tax of three mills on every dollar of the principal, and the court decided that the treasurer was bound to deduct the tax imposed. The principle of the decision is that he must deduct the amount of 'the tax imposed and provided for state purposes,' which he is required in the same section to assess on the nominal value of each evidence of debt.

"We are therefore of the opinion that, while the act of 1891 changes the rate of taxation from three to four mills, it neither repeals nor supplies section 4 of the act of 1885, relative to the collection of the tax from the holders of corporation bonds within the state. The language of the section as to the amount of tax to be deducted on payment of interest by the treasurer, cannot be taken literally as applied to the act of 1891, but neither could it as applied to the act of 1885, or the subsequent act of 1889, and meeting this difficulty, under the act of 1885, the Supreme Court, in the case above cited, in effect decided that the spirit of the act was to require the treasurer to deduct the same amount which he was required to assess, which was and still is 'the tax imposed and provided for state purposes.' The only change that has been made is that now, by the act of 1891, the tax so 'imposed and provided' is a tax of four mills instead of three, as it was by the act of 1885 and the act of 1889; and we think the principle of this decision, as well as the necessity of preserving the symmetry of the taxing statutes, warrant us in holding that the act of 1885 authorizes and requires this tax to be assessed, retained from the interest, and paid to the state by defendant's treasurer. .

"But it is contended on behalf of defendant, 'that the act of 1885 does not impose any tax upon corporations in respect of their bonds; it simply requires the corporate treasurer to act as the agent of the commonwealth in the assessment and collection of the tax. The liability of the corporation is in the

nature of a penalty for refusing to permit or compel its treasurer to withhold the tax;' and that the act is therefore penal in its character, and must be strictly construed.

"We think a distinction must be taken here. The part of the act which requires the treasurer to assess and collect the tax is certainly not penal, but simply provides a method of collecting the tax on corporation indebtedness. The only part of the act which is penal is the clause which provides that 'for every failure to assess and pay said tax, and make report as aforesaid, the auditor general shall add ten per centum as a penalty to the amount of the tax.' There is no ambiguity in the language of this clause, and therefore no question of construction arises on it; and, as part of the section which it has become necessary to construe is not penal in its character, we see no room for the application of the principle invoked by counsel.

"It has frequently been decided, whatever may be the ground on which the decisions are based, that the corporation can be held for the payment of the tax where its treasurer neglects or refuses to assess, or collect, or pay it over to the state. This was held in Commonwealth v. Delaware Div. Canal Co., supra, where it is said, 'The act constitutes the company, or its treasurer as such, the collector of the tax, and, upon failure to discharge the duty imposed by law, the settlement is properly made against the company whose servant he is, as in case of the default of any other officer of the government upon whom a like duty is imposed. The obligation rests upon the company, but as the company can only act through its officers, the default of the officer is esteemed the default of the company, and the penalty is visited upon them.'

"The liability of the corporation is, indeed, in the nature of a penalty, but it is a penalty for a neglect of duty on the part of its treasurer, with which, as the findings of facts show, he is clearly chargeable.

"CONCLUSIONS OF LAW.

"1. The corporation defendant is not liable for tax on so much of its indebtedness as is held and owned by Pennsylvania corporations in their own right, or by persons not citizens of or residing in Pennsylvania.

" [2. The act of June 8, 1891, is not in conflict with the constitution of Pennsylvania because of defect in its title, or for any other reason.] [1]

" [3. The fourth section of the act of June 30, 1885, was not repealed by the act of June 8, 1891, but is still in force and unrepealed.] [2]

" [4. It was made the duty of the treasurer of defendant, by the 4th section of the act of 1885, to assess and retain and pay over to the state the tax imposed by the first section of the act of June 8, 1891, on so much of its indebtedness as was held and owned by residents of Pennsylvania, and defendant is liable for his failure or neglect so to do.] [3]

" 5. The commonwealth is entitled to recover from defendant the amount of said tax as follows :

| | |
|---|---|
| Tax on $81,000, at 4 mills, .    .    .    . | $324 00 |
| Interest April 24, to Dec. 22, at 12 per cent per annum,    .    .    .    .    .    .    . | 25 70 |
| Attorney general's commission, 5 per cent    . | 16 20 |
| Total,    .    .    .    . | $365 90 |

" For which amount judgment is directed to be entered in favor of plaintiff and against defendant, if exceptions be not filed according to law."

Exceptions to findings (2–4) were overruled.

*Errors assigned* were inter alia (1–3) to the findings in brackets, quoting them.

*M. E. Olmsted,* for appellant, cited : Schuylkill Co. v. Com., 36 Pa. 524; Com. v. Phila., 157 Pa. 531; Com. v. R. R., 104 Pa. 89; Com. v. Del. Div. Canal Co., 123 Pa. 494; Com. v. Standard Oil Co., 101 Pa. 119; Union Pass. Ry. Co.'s Ap., 81* Pa. 95; Dorsey's Ap., 72 Pa. 192; Sewickley Borough v. Sholes, 118 Pa. 165.

*W. U. Hensel,* attorney general, *James A. Stranahan,* deputy attorney general, with him, for appellee, cited : Act of June 8, 1891, P. L. 229; Com. v. Martin, 107 Pa. 185; State Line & Juniata R. R. Co.'s Ap., 77 Pa. 431; Allegheny County Home's Ap., 77 Pa. 77; Millvale Borough v. Ry., 131 Pa. 19; Com. v. Sellers, 130 Pa. 35; McKeesport Borough v. Owens, 6 W. N. 492; Clearfield Co. v. Poor Directors, 135 Pa. 88;

Craig v. Church, 88 Pa. 46; Com. v. Deibert, 2 Dist. R. 448; Esling's Ap., 89 Pa. 205; Hawes Mfg. Co.'s Ap., 1 Mona. 353; Pottstown Borough, 117 Pa. 546.

PER CURIAM, July 11, 1894:

This case was tried by the court below without the intervention of a jury under the provisions of the act of April 22, 1874.

In the opinion sent up with the record we have a clear and concise statement of the facts found by the learned court, together with a full discussion and satisfactory disposition of the legal questions arising thereon. A careful consideration of the record has satisfied us that there is no error therein of which the defendant has any just reason to complain. The court was clearly right in holding: (1) That the act of June 8, 1891, under which the commonwealth claims, is not unconstitutional because of alleged defects in its title, or for any other reason; (2) That section 4 of the act of June 30, 1885, is still in full force; and (3) That, by virtue of said last mentioned section, it was the duty of defendant company's treasurer to assess, retain and pay over to the commonwealth the tax imposed by the first section of the act of June 8, 1891, on so much of its indebtedness as was held and owned by residents of Pennsylvania; and, for his failure or neglect to do so, said company is liable.

The act of June 8, 1891, was rightly construed, and the judgment is affirmed on the opinion of the learned president of the court below.