## Estate of Dalzell, Deceased.

Argued April 29, 1929.

468

Before Trexler, Keller, Linn, Gawthrop, Cunningham, and Baldrige, JJ.

*William S. Dalzell,* of *Dalzell, Dalzell & McFall,* for appellants.—An estate in process of administration is not subject to the four mills tax on personal property under the taxing laws of the Commonwealth: Strode v. Commonwealth, 52 Pa. 181; Finnen's Estate, 196 Pa. 72; Weir's Estate, 251 Pa. 499; Kirkpatrick's Estate, 275 Pa. 271.

*W. G. Negley,* and with him *J. I. Winslow,* for appellees.

Opinion by Linn, J., July 2, 1929:

The question is whether executors must return for taxation at the 4 mill rate imposed by the Act of June 17, 1913, P. L. 508, securities held by them for purposes of administration, which, if held by individuals, would be subject to that tax. Decedent died testate in October, 1927, domiciled in Allegheny County; letters testamentary were granted in the same month. Appellants' history of the case states how the question arose: "at the audit [of the executors' account], however, the representatives of the Commonwealth presented a bill for $857.03 alleged to

be due the 'treasurer of Allegheny County, personal property tax, 1928.' It was claimed that said bill was the result of the computation of four mills on the personal property in the hands of the executors during the period of administration, and that said executors should have made formal return thereof at the beginning of the year 1928. The auditing judge allowed the claim. The executors filed an exception to such allowance, and, pending decision thereon, the executors, by stipulation of counsel and order of court thereon, were permitted to distribute the estate 'except that as to that portion of the decree which pertains to cash they retain sufficient therefrom to pay said tax.' The exception to the order of the auditing judge allowing the tax was argued before the court in banc, the exception was overruled and a decree entered affirming the allowance of the tax." Separate appeals were taken by interested legatees; no question of procedure is raised. Decedent in his life time made a return for the year 1927 and paid the tax assessed.

We all agree that the Act of 1913 clearly requires the executor to make a return and that the property was taxable for the year 1928, though held for purposes of administration at the beginning of the year when the return was due in Allegheny County.

It is not disputed that the property is within the classes subjected to tax by section 1 (P. L. 508); but appellants contend that the act does not include executors among the 'taxables' as that word is used in the act; that there is no expression of legislative intention to subject the property to tax while held for administration by executors; or, stating it differently, that though property "owned, held or possessed by" an individual is taxable by section 1, it is exempt from taxation if held by an executor during administration.

In a concurring opinion by SIMPSON, J., in Callery's

Appeal, 272 Pa. at p. 272, it is said: "In construing statutes relating to taxation, three rules must be steadily born in mind: (1) No tax can be collected in the absence of a provision clearly imposing it upon the class to which the taxpayer or his property belongs; (2) Where the taxpayer or his property is within the general language of the statute imposing the tax, all exempting provisions are to be strictly construed against the claim for exemption; (3) Provisions relating either to the imposition of or exemption from a tax, are to be so construed as to give effect, as nearly as reasonably may be, to the common law duty to tax equitably and ratably all those within the given class, this subject being partially dealt with also in article IX, section 1, of our Constitution." It is true, of course, as appellants argue, that parties need not "show any exemption until it is first clearly demonstrated that they are subject to the tax; that they are clearly embraced within the words and the meaning of the act imposing the tax" (General Assembly v. Gratz, 239 Pa. 497, 503).

The constitution provides that "All taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax and shall be levied and collected under general laws, but the General Assembly may, by general laws, exempt from taxation public property used for public purposes, actual places of religious worship, places of business not used or held for private or corporate profit, and institutions of public charity;" Article IX, section 1.

On examining the Act of 1913 to ascertain whether the legislature intended to include executors among the taxables designated in sections 1 and 2, we find that the tax is to be levied on the personal property "owned, held, or possessed by any person, persons, co-partnership, or unincorporated association or com-

pany, resident, located, or liable to taxation within this Commonwealth, or by any joint-stock company or association, limited partnership, bank or corporation whatsoever, formed, erected, or incorporated by, under, or in pursuance of any law of this Commonwealth or of the United States, or of any other state or government, and liable to taxation within this Commonwealth, whether such personal property be owned, held, or possessed by such person or persons, co-partnership, unincorporated association, company, joint-stock company or association, limited partnership, or as active trustee, agent, attorney-in-fact, or in any other capacity, for the use, benefit, or advantage of any other person, persons, copartnership, unincorporated association, company, joint-stock company or association, limited partnership, bank, or corporation ......'' P. L. 507. After the general classes of property taxed are then specified, some exceptions are made from the general classes, and (P. L. 509) it is ''provided further, that corporations, limited partnerships, and joint-stock associations liable to tax on capital stock for state purposes, shall not be required to make any report or pay any further tax, under this section, on [property of the class taxed] owned by them in their own right; but corporations, limited partnerships, and joint-stock associations holding such securities as trustees, executors, administrators, guardians, or in any other manner shall return and pay the tax imposed by this section upon all securities held by them as in the case of individuals ......''

It will be noted, that to be taxable, the property need not be owned; it is taxed if ''held'' or ''possessed'' by any person as ''active trustee, agent, attorney-in-fact, or in any other capacity, for the use, benefit or advantage of any other person ......'' The word ''active,'' as modifying trustee, was doubtless

472

used to distinguish the trustee of a passive or dry trust who is without duties because the statute executes the use (Owens v. Naughton, 23 Pa. Superior Ct. 639, and cases there cited), and was not intended to exclude such a fiduciary as an executor or administrator performing the duties of administration; the character and quality of the *holding* and the classes of holders were further enlarged by the words ''agent, attorney-in-fact or in any other capacity, for the use, benefit or advantage of any other person ......'' There is a familiar rule of construction to be applied to understand the meaning of the general words ''in any other capacity for the use, benefit or advantage of any other person ......'' ''The general word which follows particular and specific words of the same nature as itself often takes its meaning from them, and often is presumed to be restricted to the same genus as those words, or, in other words, as comprehending only things of the same kind as those designated by them, unless there is something to show that a wider sense was intended.'' Corry v. Corry Chair Co., 18 Pa. Superior Ct. 271, 277. An executor is a fiduciary, and is so considered in our law: Act of 1915, P. L. 218; the Fiduciaries* Act of 1917, P. L. 447. The executor of course, holds ''for the use, benefit [and] advantage of any'' creditor or beneficiary of the decedent's estate. If there could be any doubt (we think there is none) of the legislative intention expressed in the early part of. the section to include executors the doubt is removed by the proviso quoted above, from the end of this section, which excepts from this tax, property of the kind taxed when owned in their own right by corporations, limited partnerships and joint-stock associations liable to tax on capital stock for state pur-

---

*''At the present day executors and administrators hold the assets of the estate in a fiduciary capacity. Their rights and liabilities in respect of the fund in their hands, are very like those of trustees.'' Holmes, 9 Harv. Law Rev. 42.

poses, but requires them "as in the case of individuals" to "return and pay the tax imposed by this section upon all securities" held by them as "trustees, executors, administrators, guardians or in any other manner."

The argument of appellants would result in the taxation of such property when held by a corporate executor and exemption from the tax when held by an individual executor, whereas the interpretation of appellee results in the taxation of all within a given class (Callery's Appeal, supra); appellants' interpretation, if adopted, would make the act unconstitutional for want of uniformity on the same class of subject, i. e. property held by executors during administration: see generally on classification Juniata Limestone Co. v. Fagley, 187 Pa. 193, and the discussion in the anthracite coal tax cases: Com. v. Alden Co., 251 Pa. 134; Heisler v. Colliery Co., 274 Pa. 448. The supplemental brief filed by the learned counsel for appellants attempts to dispose of this branch of section 1 by saying that the words, " 'executors, administrators and guardians' are introduced in a 'proviso,' which makes the tax applicable to them only when it appears that they hold the securities as active trustees, when, of course, they are required to return them 'as in the case of individuals' who own or possess securities." We cannot assent to that interpretation. As the constitution in this respect requires uniformity of tax on the same class of subjects, the legislature had no power to levy this tax on the property if held by corporate executors and to except from it the same property if held by individual executors; we must therefore read the words in the 'proviso' (indeed this is their natural effect) as a legislative amplification of the words used earlier in the section, i. e. "active trustee, agent, attorney-in-fact, or in any other capacity for the use,

benefit or advantage of any other person," and as conclusive of the intention to require executors to make the same return required of individuals.

Having reached the conclusion stated, it is unnecessary to consider what was said in the opinion filed below and in appellants' brief concerning the amendment of May 13, 1927, P. L. 985 (amending section 5 of the Act of 1913) further than to say that its purpose was that announced in the title to the amendment, to provide "for the more efficient assessment of property and collection of taxes, interest and penalties in cases of the refusal or failure to make return and in case of false or incomplete returns." Nor, for the same reason, need we consider the argument made from the inheritance or transfer tax cases (Strode v. Com., 52 Pa. 181; Finnen's Est., 196 Pa. 72).

One other suggestion by appellants may be referred to; in their supplementary brief it is said "The contemporaneous construction of counsel for the Commonwealth and the lower court for a period of fifteen years that the Act of 1913 does not apply to the case at bar is certainly worthy of some consideration ......."* In Lawrence County v. Horner, 281 Pa. 336, 342, it appears that locally a taxing statute had been erroneously construed by county officials for 68 years; what was said by the Supreme Court in that case is a complete answer to appellants' suggestion in this: "Moreover, if it had been admitted that these allowances were made because of contemporaneous and long-continued construction of the applicable statutes, we would still reach the same conclusion. We know of no better statement of the rule here relied on, than the following from Com. v. Paine, 207 Pa. 45, 48: 'But in cases of doubtful legislation, either because of the ambiguity

---

* We are informed that in Philadelphia County, for many years executors and administrators have made these personal property returns and have paid the tax.

of expression in a single act, or because of obscurity or inconsistency arising from several acts on the same subject, contemporary interpretation is always significant as to the true meaning. If in the opinion of lawyers and the people interested, who lived at the time and were closely affected by the legislation, it had a particular meaning out of several possible ones, courts in later years still will be slow to adopt another, even though they might not on a perusal of the acts be inclined to concur in the contemporary interpretation.' It will be noticed, however, that the rule only applies where there are ambiguities in and several possible interpretations of the relevant statutes."

Judgment affirmed in the case of each appeal.

