Bridgeford *v.* Groh et ux., Appellant.

Argued November 25, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Allen Hunter White,* with him *Rowland C. Evans, Jr.,* of *Krusen, Evans, Shaw & Campbell* and *Ballard, Spahr, Andrews & Ingersoll,* for appellants.—The "estate" or "real estate" of the deceased husband, which was the subject of the statutes, is a description having no application to property in which he divested himself of all estate prior to his death: Borland v. Nichols, 12 Pa. 38, 42; Merrick v. Dupont, 285 Pa. 368; Strain v. Kern, 277 Pa. 209.

It does not appear to be material whether the widow takes by descent or not (for that is of moment only when it is necessary to distinguish taking by purchase), but it may well be questioned whether she does. It has never been directly decided in Pennsylvania so far as we are aware, although there are dicta that she does: Jones v. Hollopeter, 10 S. & R. 326.

Our argument as to the lack of notice in the title of the 1917 Act is based upon the fact that this court has consistently construed the language of the earlier Intestate Acts, from 1794 to date, which was practically identical language as that in the title to the 1917 Act, as excluding aliened lands; and that, consequently, having been held to have excluded such lands from their purview, such lands are necessarily excluded from the purview of the title of the 1917 Act when it uses like language: Borland v. Nichols, 12 Pa. 38.

*Hugh Roberts,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, January 5, 1932:

After the effective date of the Intestate Act of June 7, 1917, P. L. 429, plaintiff's husband conveyed certain of his real estate by a deed in which she did not join. After his death, she instituted the present action of dower unde nihil habet (whether or not this is the

proper form of action is not raised on this appeal, and hence is not decided), and claimed to measure the extent of her right in that realty, by the clause in section 3 of the act (P. L. 434), which provides that a widow's "share in lands aliened by the husband in his lifetime, without her joining in the conveyance, shall be the same as her share in lands of which the husband died seized." Defendant alleges that this clause is "unconstitutional and void because it conflicts with article III, section 3, of the state Constitution, in that (1) the act gives no notice in its title that it deals with such aliened lands; and (2) the act deals with two subjects: (a) the property of decedents, and (b) the property of widows of decedents." The court of common pleas (13 Pa. D. & C. 704) and the Superior Court (102 Pa. Superior Ct. 138) overruled this contention, and the accuracy of that conclusion is the only matter challenged on the present appeal. The judgment must be affirmed.

The title of the statute is "An act relating to the descent and distribution of the real and personal property of persons dying intestate; and to provide for the recording and registering of the decrees of the orphans' court in connection therewith, and the fees therefor." As far back as Pemberton v. Hicks, 1 Binney 1, 16, we said: "It is fully settled that titles by the curtesy and in dower come in by descent, merely by act of law: Co. Litt. 18b." We quoted that statement with approval in Cooke v. Doron, 215 Pa. 393, 397, which was cited for this point in Scaife v. McKee, 298 Pa. 33, and we still adhere to it. Unless, therefore, we can properly write into the title, at the end of the first clause thereof, some such words as "and of which they died seized," so as to make that clause read: "An act relating to the descent and distribution of the real and personal property of persons dying intestate [and of which they died seized]," we cannot sustain appellant's contention on this point, for dower being an interest in real property acquired by descent on the death of the husband, "An act relating

to the descent of the real......property of persons dying intestate," embraces the dower thus to be acquired. We have no right, however, to add anything to the title of a statute in order to enable us to declare it unconstitutional, unless no other course can rationally be pursued, for our duty is to declare it constitutional if this can reasonably be done: Com. ex rel. v. Snyder, 279 Pa. 234; Russell's Est., 284 Pa. 164; Reeves v. Phila. Suburban Water Co., 287 Pa. 376; Com. v. Pure Oil Co., 303 Pa. 112.

Nor is the second point sustainable. As already pointed out, the act provides, as the title says, for "the descent and distribution of the......property of persons dying intestate," which is but one subject, not the less so because the subject-matter of the act might readily have been divided and each subdivision thereof treated in a separate enactment. Whether or not this should be done is a matter for legislative consideration, with which we have no right or inclination to interfere. The Act of April 29, 1874, P. L. 73, entitled "An act to provide for the incorporation and regulation of certain corporations," is a typical instance of the joinder of a number of somewhat different matters in the one general class which was the subject of the act. There the legislature dealt with thirty different kinds of "corporations" in one statute, with many of the specified regulations applying to some only and not to others. That act is constitutional because all the matters in it are appropriate to the generic, though broad subject of "corporations" expressed in the title. For the same reason, the Intestate Act is sustainable as against the atttack now made upon it. Here, the one subject treated is estates by descent; this controversy respects an estate by descent and that subject is clearly expressed in the title.

We have not overlooked appellant's contention that Scaife v. McKee, supra, is not an authority in point, because there the question for consideration related to an estate by the curtesy acquired by a husband, who, if

he had been the owner in fee, could have conveyed his interest without the joinder of his wife, while a wife, if she had been the owner in fee, could not have done so unless her husband joined in the deed. It is difficult to see any point to the argument growing out of this fact, since we have here no question respecting the power of either spouse to convey; but assuming there is, this admitted distinction is without a difference so far as the question of constitutionality is concerned. A husband's curtesy and a wife's dower are each estates by descent; the title to the act relates to estates by descent and hence embraces each of them.

Nor is Merrick v. DuPont, 285 Pa. 368, of any aid to appellants, for we there expressly stated we would consider and decide only the question as to whether or not the statute applied to property which had been conveyed before the effective date of the act. We held that it did not. Here, the conveyance was made after its effective date.

The judgment of the court below is affirmed.