Miller, Administrator, *v.* Northampton County
et al., Appellants.

Argued April 13, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Edward J. Fox,* with him *Francis E. Walter,* County Solicitor, for appellant.—A court of equity has no jurisdiction where a specific remedy is provided by statute: Pittsburgh, etc., Ry. v. Twp., 252 Pa. 149; Erie v. Reed, 113 Pa. 468; Whitney v. Boro., 266 Pa. 537; Dupuy v. Johns, 261 Pa. 40; Davidson v. Erie, 274 Pa. 523; D., L. & W. R. R. v. County, 245 Pa. 515; Phila. v. Phila., 65 Pa. Superior Ct. 578.

A remedy in the present case is given by statute and equity has no jurisdiction: Pardee v. County, 276 Pa. 246.

The title to the act is defective: Minsinger v. Rau, 236 Pa. 327; Dalzell's Est., 96 Pa. Superior Ct. 467.

*C. F. Smith,* of *Smith & Paff,* for appellee.—Equity has jurisdiction to restrain the collection of a tax where there is want of power to tax or a disregard of imperative constitutional requirements: Witman v. Reading City, 169 Pa. 375; Pardee v. Co., 276 Pa. 246; Depuy v. Johns, 261 Pa. 40; D., L. & W. R. R. v. Commrs., 245 Pa. 515; Banger's App., 109 Pa. 79.

The Act of 1927 amending the fifth section of the Act of 1913, is unconstitutional: Williamson's Est., 153 Pa. 508.

A statute is constitutional only to the extent that its purpose is clearly expressed in the title, everything beyond that being violative of this section: Phillip's Est., 295 Pa. 349; Investor's Realty Co. v. Harrisburg, 281 Pa. 200; Central Tel. Co. v. Boro., 242 Pa. 597; House of Refuge v. Luzerne Co., 215 Pa. 429; Payne v. School Dist., 168 Pa. 386; Com. v. Hazen, 207 Pa. 52; Rogers v. Improvement Co., 109 Pa. 109; Spangler's Est., 281 Pa. 118; Com. v. Martib, 35 Pa. Superior Ct. 241; Hoffa v. Person, 1 Pa. Superior Ct. 357; Goodwin v. Bradford, 248 Pa. 453.

OPINION BY MR. JUSTICE LINN, May 26, 1932:

This case is not within the limited class in which equity takes jurisdiction to restrain the collection of

taxes; there is an adequate remedy at law for all the causes of complaint. An administrator filed his bill to enjoin defendants from collecting the four-mill personal property tax imposed by the Act of June 17, 1913, P. L. 507, as amended by the Act of May 13, 1927, P. L. 985, from the estate of his decedent for the years 1926-7-8-9 and 30, on the ground that the amendment is unconstitutional and for other reasons to be mentioned.

Defendants demurred to the bill. During argument on the demurrer it was agreed that the case should be determined as on final hearing "as if an answer had been filed by the defendants admitting all the averments of fact properly pleaded."

The court held that the title to the amendment of 1927 was defective under article III, section 3, of the Constitution, and enjoined the collection of taxes for the years 1926-1929 inclusive; taxes for 1930 were eliminated because the administrator conceded liability for that year (Dalzell's Est., 96 Pa. Superior Ct. 467) though denying the validity of the alleged assessment.

Plaintiff challenged the amendment for various reasons. As we understand it, the learned chancellor sustained but two of the contentions and to these we limit our discussion: (1) "because," as his opinion states, "there is no reference in their titles [amendment of 1923, P. L. 474, and amendment of 1927] either to the increase as to time of taxable's liability, or to the subsequent limitation to the period of five years"; and (2) "the representatives of estates cannot have these additional duties imposed on them where there is nothing in the title of the act to show that that was the legislative purpose."

1. If constitutionality be "matter of doubt, such doubt must be resolved in favor of the act": Fox's App., 112 Pa. 337, 357, 4 A. 149. The subject of the legislation is raising revenue by taxing personal property. The Act of 1913 was a codification of earlier acts on the same subject: Provident L. & T. Co. v. Klemmer, 257 Pa. 91, 100, 101 A. 351. Its title was challenged, as embracing

more than one subject, in McGuire v. Phila. (No. 2), 245
Pa. 307, 91 A. 628, and the contention was rejected as
follows: "There is to be found in the title to the Act of
1913 but one subject, and that is the imposition of taxes
upon certain classes of personal property for the pur-
pose of providing revenues for the State, counties and
for cities and counties when coextensive. The one main
subject of the act is taxation upon certain classes of per-
sonal property. This is so clearly expressed in the title
as to give notice to every owner of any kind of personal
property that the provisions of the act may affect him.
The title, therefore, led to an inquiry into what was con-
tained in the body of the bill. Everything appearing in
the title is germane to the one main subject, and the
same is true of the several provisions in the bill itself.
They relate to and are the means of carrying out the one
general purpose of the act."

The title of the Act of 1879, P. L. 112, one of the earlier
acts taxing personal property, was simply "an act to
provide revenue by taxation," and it was held sufficient:
Com. v. Martin, 107 Pa. 185. Compare also the title to
the Act of June 30, 1885, P. L. 193, containing much of
the administrative machinery for assessment and collec-
tion carried into the Act of 1913 and amplified by the
amendment of 1927.

A revenue statute must, of course, designate the class
of property to be taxed, the taxable person to pay it, and
the administrative agents, and methods or machinery re-
quired to assess and collect, but the details of all these
elements need not be set set forth in the title. The act
designates executors and administrators among the tax-
ables (Dalzell's Est., 96 Pa. Superior Ct. at page 471).
As such fiduciaries hold personal property for purposes
of administration, they must know from the title that
"the provisions of the act may affect them." The title
to the amendment quotes the title to the amended act,
with the result, of course, that such owner of property
must also know that "the provisions of the act [as

amended] may affect him": Com. v. Ry., 162 Pa. 614, 616, 29 A. 696. As section 5, alone, is amended, we need only say briefly that, originally, section 5 authorized the assessor to make a return for any taxable who failed to make one, and also authorized the board of revision to correct it and to add 50% to the amount so returned, to obtain the basis for taxation (a power sustained in Fox's App., 112 Pa. 337, 359, etc.) with opportunity for appeal and correction. The amendment of 1923, P. L. 474, provided that a return so made should not estop the taxing authorities (see Williamson's Est., 153 Pa. 508, 26 A. 246) from subsequent reassessment, on learning of additional taxable property "for any year or years and collect the balance of the tax which should have been paid......"

The amendment of 1927 added administrative provisions requiring executors and administrators to file with the inventory and appraisal of a decedent's estate, or with the affidavit for determining inheritance tax, already required of them by the Fiduciaries Act, a list of property "liable to a tax during the last completed taxing period for county purposes," etc., and authorized the taxing authorities, on receipt of such document, as in the act provided, to proceed "for the assessment of taxes due from such decedent" for past years but "not exceeding five years," and to present a claim therefor to the orphans' court or to proceed by suit at law, etc.

The title to the amendment of 1927 is quoted in the margin.*  It will be observed that the title of the orig-

---

* "To further amend section five of the act, approved the seventeenth day of June, one thousand nine hundred and thirteen (Pamphlet Laws, five hundred and seven), entitled 'An act to provide revenue for state and county purposes, and, in cities coextensive with counties, for city and county purposes; imposing taxes upon certain classes of personal property; providing for the assessment and collection of the same; providing for the duties and compensation of prothonotaries and recorders in connection therewith; and modifying existing legislation which provided for raising revenue for state purposes,' as heretofore amended [1923, P. L. 474];

inal act considered in McGuire v. Phila. (No. 2), supra, is supplemented as follows: "providing for the more efficient assessment of property and collection of taxes, interest, and penalties in cases of the refusal or failure of taxables to make returns, and in the case of false or incomplete returns."

The clearly expressed subject is revenue for state and county purposes by taxing personal property. Any reader of the title must, therefore, take notice that a taxable period will be stated, just as certainly as he must expect to find what is taxed and who must pay, or to discover the administrative method or machinery established for assessment and collection of the tax. As long ago as the Revenue Act of 1889, P. L. 420, it was the law that "no failure to assess or return the same [personal property] shall discharge such owner or holder thereof from liability therefor......," a provision carried into the Act of 1913. To provide, then, as the amendment does, a method of assessing and collecting taxes for a past period of five years on default of a taxable, was merely stating the taxable period,—an element in the general subject that any reader of the title would expect to find specified in the statute; the mere fact that the period for, or time of assessment was different from what it had formerly been, was not an element that required specific mention in the title; it was a mere detail in the general subject of taxation already clearly expressed; the fact that the statute was amended was notice that changes must be expected.

2. We come then to the effect of imposing "additional duties" on fiduciaries "where," as the learned chancellor said, "there is nothing in the title of the act, such fiduciaries having long been taxable, to show that that was the legislative purpose." What are the duties referred

---

providing for the more efficient assessment of property and collection of taxes, interest, and penalties in cases of the refusal or failure of taxables to make return, and in the case of false or incomplete returns."

to, which the fiduciaries, for years designated among tax-
ables, must perform? The provision is as follows: "that
the executor of every will, and the administrator of every
estate, at the time of filing with the register of wills or
clerk of the orphans' court the inventory and appraisal
of such estate, or any affidavit setting forth the real and
personal property of such decedent, for the purpose of
determining the inheritance tax, shall, in addition there-
to, file an affidavit in duplicate setting forth the items in-
cluded in such inventory or affidavit which may be liable.
to a tax during the last completed taxing period for
county purposes, or, in cities coextensive with counties,
for county and city purposes, under the provisions of
this act." That is a mere administrative detail in the
method of obtaining revenue. The amendment author-
izing assessment for five years and requiring the fidu-
ciary to supply the data in question may be said to be
"intended to compel each taxpayer to disclose to the
assessor the full extent of his personal estate...... No
legal objection can be made to this. ...... In the exer-
cise of this right she has the power, and it is a part of
the taxing power, to require each taxpayer to make
known to the assessor the extent of his or her property
of this description. She has the further right to punish
the failure to make such return by the imposition of a
penalty, or otherwise, as may best secure the object to
be attained:" Fox's App., supra. The duty to file the
inventory and appraisement was declared by the Fidu-
ciaries Act. The amendment merely requires the fidu-
ciary, in his long-existing capacity as a taxable, to "set
forth the items included in such inventory or affidavit
which may be liable to a tax during the last completed
taxing period for county purposes......" The require-
ment of performance of such duty by a taxable is clearly
within the title of the amendment. The fiduciary has title
to the decedent's property, and, therefore, can be re-
quired, like any other taxable, to furnish for taxing pur-
poses such information as he has. It is said, however,

that ordinarily he can have no knowledge as to when the decedent obtained the property; but mere lack of knowledge, when that is the case, does not put him in default; he performs his duty by furnishing as a taxable such information as he has; as was said in Fox's Appeal: "Surely this is no hardship upon any one but the assessor." Neither he nor decedent's beneficiaries can justly complain that the property for distribution is subjected to a tax that decedent failed to pay in his lifetime. To require the title to the amendment to contain administrative details like these, would contravene the rule that the title need not be an index; all that is required is a clear expression of the subject and that exists here: Minsinger v. Rau, 236 Pa. 327, 84 A. 902; Blanchard v. McDonnell, 286 Pa. 283, 287, 133 A. 505; Bridgeford v. Groh, 102 Pa. Superior Ct. 138, 148, 156 A. 612, and 305 Pa. 554, 556, 158 A. 260.

3. Nor can we agree with the learned chancellor that there was no adequate remedy at law. "The general rule is that where there is a power to assess taxes the proper remedy for an alleged illegal assessment is by appeal to the tribunal to which application is by statute required to be made:" Phila. v. Kolb, 288 Pa. 359, 136 A. 239; Graham v. Com. of Lawrence Co., 99 Pa. Superior Ct. 245; Dupuy v. Johns, 261 Pa. 40, 50, 104 A. 565.

Formal findings of fact were not made. The parties agreed that defendants admit "all averments of fact properly pleaded;" no evidence was put in. The chancellor said: "So far as we have been able to determine from the exhibits, there has been no proper assessment in this case." The record is insufficient to determine that. Plaintiff received notice, purporting to come from the county commissioners, specifying that it was given pursuant to the Acts of 1913 and 1927, requesting him to make returns of the personal estate of the decedent (we state only the substance of the notice) taxable for county purposes for the years 1926-1930, and that, on failure or refusal to make such returns within 10 days,

the assessment would be estimated, etc. It was his duty to comply with the notice and pursue the matter. The statutes provide for appeal by the taxable. There is a complete and adequate method at law to determine the validity of the assessment, in which, by the way, the constitutionality of the amendment could also have been raised. The Act of April 19, 1889, P. L. 37, provides for appeal from the decision of the county commissioners, or board of revision, to the common pleas, and the Act of June 26, 1901, P. L. 601, provides for appeal from the common pleas to the Supreme or Superior Court, and each provides that if the tax is subsequently reduced the excess shall be refunded.

As the amendment is constitutional, and as there is an adequate remedy at law, the bill should have been dismissed.

The decree is reversed and the bill is dismissed at the cost of appellant.