## Provident Trust Company's Appeal

*J. B. Gest*, for appellant.

*F. Gilman Spencer*, for Commonwealth.

FINLETTER, P. J., February 6, 1941.—This is an appeal by a resident guardian of a nonresident minor from a State tax assessment.

The facts are set forth in a stipulation filed with the court.

The property assessed is: First, personal property acquired by the minor as legatee under the will of his grandfather; and, second, similar property acquired by him under the will of his aunt. Both funds vested in him on the death of his father, which occurred during his minority. Both estates were distributed in orphans' courts of Pennsylvania, the grandfather's in Philadelphia County and the aunt's in Montgomery County, and were by these courts awarded to the minor.

The minor, being over 14 years of age, applied to the Orphans' Court of Philadelphia County for the appointment of a guardian. The court appointed appellant, the Provident Trust Company.

The minor has never been a resident of Pennsylvania.

Appellant received the securities of both estates as guardian, and has administered them and filed an account, in Philadelphia, as guardian.

The State has assessed a State tax on the securities held by the guardian, alleging it to be due under the provisions of the State Personal Property Tax Act of June 22, 1935, P. L. 414, as amended by the Acts of May 18, 1937, P. L. 633, and May 5, 1939, P. L. 76.

These acts in section 3 make taxable "All personal property of the classes hereinafter enumerated, owned, held or possessed by any resident, whether such personal property be owned, held or possessed by such resident in his own right, or as active trustee, agent, attorney-in-fact, or in any other capacity . . . for the use, benefit or advantage of any other person . . ."

Appellant's position is, first, that the language quoted does not include property held by a *guardian*, since it mentions only property held in the taxpayer's own right or as *active trustee, agent*, or *attorney-in-fact*. In our opinion, however, the general clause which follows, i. e., "in any other capacity . . . for the use, benefit or advantage of any other person", is broad enough, and particular enough, to include a guardian.

A guardian, it is true, holds neither equitable nor legal title to the fund. He has merely the right of custody of the securities, with the duty of administering it under the direction of the court, and accounting. But the same may be said of an attorney-in-fact or an agent. On the other hand, a trustee has at least legal title. Any of these persons may "hold" the securities. And it is property "held" that is taxable under the act. The phrase "held for" the benefit of any other person describes almost exactly the status of a guardian in custody of the property. There is no room, therefore, for holding that the general clause in question extends the meaning of the act so as to include property which is of a different class from that already spoken of; that is, property "held for the benefit . . . of any other person." In our opinion,

however, the intention to include guardians is clear from what follows in the act. In section 3 of the State Personal Property Tax Act of 1939 (and the Acts of 1935 and 1937 contain the same provision), it is provided, in dealing with certain exceptions to taxation, that "corporations . . . holding such securities as trustees, executors, administrators, *guardians* . . . shall return and pay the tax imposed by this section. . . ." (Italics supplied). In Dalzell's Estate, 96 Pa. Superior Ct. 467, a similar situation existed. The statute (Act of June 17, 1913, P. L. 508) provided for a tax on property (p. 471) "held . . . by . . . active trustee, agent, attorney-in-fact, or in any other capacity, for the use", (the language was exactly that of the statute in the instant case), and later, in making certain exceptions, provided that "trustees, *executors*" shall return these for taxation. Mr. Justice Linn held that executors are fiduciaries and come within the general words of the statute, and it was evidently intended by the reference to "executors" that the tax should be payable on property held by executors. His reasoning applies squarely to the instant case.

We are of the opinion that a guardian comes within the statute under discussion.

Appellant raises the further objection that the property in question is not within the Commonwealth, so as to give it jurisdiction to tax under the Fourteenth Amendment to the Federal Constitution. The facts in this connection are that the securities are held by the guardian who is a resident of Pennsylvania, and has administered the estate here, and has accounted in the Orphans' Court of Philadelphia County. That is, appellant has had the benefit of Pennsylvania courts and law: Commonwealth v. Stewart, 338 Pa. 9. We are of opinion that, since the securities are held in Pennsylvania by appellant, who is entitled as guardian at least to their custody, and since they have received the benefit of administration under, and protection by, the courts of Pennsylvania, the property is taxable here.

A third contention of appellant presents a more difficult problem. The State Personal Property Tax Act provides that where property is "received from any person . . . nonresident in . . . this Commonwealth . . . by any person . . . or corporation . . . for the use, benefit or advantage of any person . . . nonresident in . . . this Commonwealth," it is exempt from taxation.

Were the securities in the instant case received by the guardian from a nonresident person for benefit of a nonresident person?

What occurred was this: The minor was the beneficiary under the wills of his relatives, which provided that, on the death of the minor's father, the estates should go to the father's issue. He died and the securities in question vested in the minor, he being the sole issue. The property vested in him on the date of this death. Or, if you please, on the awards to him by the orphans' courts; it is unimportant which.

The minor was the beneficiary under the wills of his grandfather and his aunt. These provided that on the death of the minor's father the estates should go to the latter's issue, meanwhile going to a trustee for the father during the latter's life. The latter died on August 3, 1933. The minor was the sole issue, so that on the father's death both estates vested in the minor.

On October 27, 1933, the Provident Trust Company was appointed guardian of the minor, on the latter's petition, he being over 14 years of age.

The position of appellant, the guardian, is that the securities in the two estates came into Pennsylvania from the minor by virtue of his petition for a Pennsylvania guardian, the consequence of his application here for a guardian being to put the custody at least of the securities in the Pennsylvania guardian, and thus, appellant argues, the securities came into Pennsylvania from the nonresident owner (the minor), and so the securities in the hands of the guardian are exempt from tax under the provision recited above.

We cannot agree with this. Physically the securities never left Pennsylvania from the time they were in the hands of the executors of the two estates, the grandfather's and the aunt's, to the present time. The audits of the two estates were made (Laura Maron's) on January 2, 1934, and (Conrad's) on February 5, 1934: that is in both cases after the appointment of the guardian, which took place, as we have said, on October 27, 1933, so that the minor at this time did not have the custody or control of the securities to enable him to bring them into Pennsylvania. They were, in fact, in Pennsylvania. Appellant's argument that the minor intended by his petition for the appointment of a guardian to bring the securities into Pennsylvania seems to us so strained and artificial that we cannot think the legislature had it in mind when it made the provision under consideration.

In our opinion the appellant's exceptions should be dismissed, and a decree dismissing the appeal should be entered. No question has been raised arising out of the particular kind of securities involved. We have dealt with them as intangible personal property.