## The M. A. Hanna Company v. Coal Township School District et al.

*Richard Henry Klein*, for complainant.

*John L. Pipa, Jr.*, for respondents.

FORTNEY, P. J., November 16, 1948.—Plaintiff, on September 9, 1948, filed its bill in equity against above defendants, seeking to restrain them, their agents, servants, employes, associates and all other persons from enforcing or attempting to enforce a resolution adopted by the school district providing for the levy, assessment and collection of a tax on all coal excavated within the boundaries of Coal Township, Northumberland County, Pa., by the open pit or what is commonly known as strip mining method. This resolution was passed by the school district under authority

conferred upon it by the Act of June 25, 1947, P. L. 1145. The court granted a preliminary injunction in compliance with the prayer of the bill and directed that a preliminary hearing be held September 14, 1948

The School District of the Township of Coal, one of above defendants, on behalf of its officers and board of directors, on the day set for this hearing, filed preliminary objections to the bill, pursuant to Equity Rule No. 48.

The bill alleges that both the Act of 1947, P. L· 1145, and the resolution of the school district passed under its authority are unconstitutional. The alleged violations of the Constitution of Pennsylvania and of the Constitution of the United States need not be detailed herein, since the controlling issue here is one principally of procedure.

The preliminary objections filed by the school district allege, for the purpose of this discussion: (1) Plaintiff has an adequate remedy at law. (2) A court of equity is without jurisdiction in this case.

1. In section 3 of the Act of 1947, P. L. 1145, it is provided:

"No tax levied by any political subdivision to which this act applies shall go into effect until thirty days from the time of the adoption of the ordinance or resolution levying the tax. Within said thirty days, taxpayers representing 25% or more of the total valuation of real estate in the political subdivision as assessed for taxation purposes, or taxpayers of the political subdivision not less than 25 in number aggrieved by the ordinance or resolution shall have the right to appeal therefrom to the court of quarter sessions of the county upon giving bond with sufficient security in the amount of five hundred ($500), approved by the court, to prosecute the appeal with effect and for the payment of costs· The petition shall set forth the objections to the tax and the facts in support

of such objections, and shall be accompanied by the affidavit of at least five of the petitioners that the averments of the petition are true and the petition is not filed for the purpose of delay."

It is readily apparent that under this section of the act a limited right of appeal is granted. Either one of the two conditions must exist and both may exist, to permit taxpayers to appeal. There must be taxpayers representing 25 percent or more of the total value of real estate in the political subdivision as assessed for taxation purposes, or taxpayers of the political subdivision not less than 25 in number who are aggrieved by the ordinance or resolution. Plaintiff alleges it is adversely affected and aggrieved by the imposition of this tax and is unable to meet the requirements to perfect an appeal to the quarter sessions court, and therefore is entirely without any right of appeal. It is to be noted, too, that this tax is levied primarily against the *owners* of coal lands.

To adopt defendants' contention that there is a full, complete and adequate remedy at law, would be to preclude an individual any right of appeal. This we do not believe to be the intention of the legislature. The appellate courts have repeatedly held, in the construction of an act of assembly to ascertain the intention of the legislature, it is to be presumed the legislature does not intend a result that is absurd, impossible of execution or unreasonable: Commonwealth v. Repplier Coal Co., 348 Pa. 372; Commonwealth v. Peoples et al., 345 Pa. 576. The courts are open to the taxable to challenge the tax as plaintiff is doing in this case.

2. Defendants contend that the Act of 1947, P. L. 1145, sec. 3, gives to the court of quarter sessions exclusive jurisdiction, and where a remedy is provided by statute, that remedy must be strictly pursued. Hence, equity is without jurisdiction. To substantiate

this contention, defendant relies on the Act of March 21, 1806, P. L. 558, sec. 13, which holds in all cases where a remedy is provided, or a duty enjoined, or anything directed to be done by an act of assembly, the directions of the act shall be strictly pursued. It was said in Chevra Achewa Chesed Anshe Cheval v. Philadelphia et al., 116 Pa. Superior Ct. 101 at 106, this act:

"Provides, in effect, only, that when an act of assembly is passed its provisions shall be strictly pursued and shall displace the penalties and provisions of the *common law* in effect before its passage. *It has nothing to do with equity.*"

It is the general rule that where there is a power to assess taxes the proper remedy for an alleged illegal assessment is by appeal to the tribunal to which application is by statute required to be made: Miller v. Northampton County, 307 Pa. 550 at 558. In the present case, plaintiff denies the power to levy any tax and we believe this brings it within the limited class in which equity takes jurisdiction to restrain the collection of taxes. This principle was set forth in Wynnefield United Presbyterian Church v. City of Philadelphia et al., 348 Pa. 252, where it is said:

"A distinction has been taken between the cases in which overassessment or inadequate exemption has been alleged and the cases in which the property owner denies the power to levy any tax. In the former, it has been held that the remedy is by appeal from the assessment, as the statute provides, and not in equity; *in the latter, equity affords the remedy.*" (Italics supplied.)

See, also, Chevra Achewa Chesed Anshe Cheval v. Philadelphia et al., supra, where it is said:

"Relief will be granted in equity by injunction where there is a total want of power to tax because the entire property sought to be taxed is exempt from taxation,

whether exempt by judicial construction or by legislative direction . . ." (Syllabus)

And in English v· Robinson Township School District et al., 358 Pa. 45 at 55:

". . . it has long been settled in this Commonwealth that a plaintiff may go into equity to restrain attempted taxation for want of power to tax."

There is nothing in the Act of 1947, P· L. 1145, authorizing aggrieved taxpayers to appeal to the quarter sessions, that shows any legislative intention of taking away from the court of equity the jurisdiction to restrain the collection of a tax where there was no power to levy or assess it in the taxing authority. Hence, the following

### Order

And now, to wit, November 16, 1948, preliminary objections to plaintiff's bill are overruled and defendants are directed to make answer to plaintiff's bill as required by the equity rules. The preliminary injunction heretofore issued is continued until further order.